In the Matter of the Judicial Settlement of the Account of Proceedings of THE NATIONAL BANK OF HAVERSTRAW AND TRUST COMPANY, Administrator, etc.. of CALVIN TOMKINS, Deceased. THE NATIONAL BANK OF HAVERSTRAW AND TRUST COMPANY, as Administrator c. t. a. of CALVIN TOMKINS, Deceased, Appellant; PATRICK BENSON, JOHN YOOST, GEORGE W. HOYT and Rev. WILLIAM H. OLIVER, as Trustees and Pastor Respectively of TOMKINS COVE METHODIST PROTESTANT CHURCH, Respondents.— Decree of the Surrogate's Court of Rockland county surcharging the National Bank of Haverstraw and Trust Company, as administrator c. t. a., for the unauthorized investment of funds of the estate, unanimously affirmed, with costs, payable by appellant personally. No opinion. Present — Hagarty, Davis, Adel, Taylor and Close, JJ.

LOUIS LEIBOWITZ and ROSE REICH, Respondents, v. THE CITY OF MOUNT VERNON, Appellant.— The action is brought to recover damages caused by the unlawful act of the defendant in depositing materials upon the plaintiffs' property. The cause of action is trespass. Order directing an amendment of the verdict reversed on the law, and motion to amend denied. Judgment modified by reducing the amount thereof to the sum of $1,583, with interest, to be computed from the date of the verdict to the date of entry of judgment, and costs as taxed. As so modified, the judgment is unanimously affirmed, with costs of the appeal to defendant-appellant. The allowance of interest was not submitted to the jury, nor was any request made for such submission by the plaintiff. The allowance of interest was not a matter of right, but was within the discretion of the jury. (*Mairs* v. *Manhattan Real Estate Assn.*, 89 N. Y. 498; *Duryee* v. *Mayor, etc., of N. Y.*, 96 id. 477.) *Wilson* v. *City of Troy* (135 id. 96) is an authority for the proposition that interest is recoverable as of right in all actions for trespass. Under that decision the allowance of interest is for the jury where the trespass is of such a nature that the value of the property is merely diminished. *Weprin & Glass Bldg. Corp.* v. *Rosoff Subway Constr. Co., Inc.* (269 N. Y. 672) was an action in contract, and is, therefore, not in point. Hagarty, Davis, Johnston, Taylor and Close, JJ., concur.

JACOB LEIMAN and CHARLES T. TRACE, Copartners Doing Business under the Firm Name and Style of LEIMAN & TRACE, Respondents, v. 4111 REALTY CORP. and Others, Defendants, and PETER PIFFATH, Appellant.— In an action to foreclose attorneys' lien and recover thereon from a person who obligated himself in a written agreement to pay it, judgment unanimously affirmed, with costs. No opinion. Present — Hagarty, Davis, Johnston, Taylor and Close, JJ.