HERBERT D. ADLER, Plaintiff, *v.* PILOT INDUSTRIES, INC., Defendant.

Supreme Court, Trial Term, New York County, June 15, 1948.

*Isaac Gluckman* and *Herbert D. Adler,* in person, for plaintiff.

*Lawrence S. Timen* for defendant.

STEUER, J.   The questions presented on this motion are whether interest is allowable on a verdict giving damages for trespass to realty and, if so, from what date interest begins to run.   Interest was allowed in the instant case and this motion seeks correction of the verdict by striking or modifying the award.

It is argued that the instances where interest has been allowed are not true trespass cases but actions on covenants to. hold harmless.   (*Sciaky* v. *Rodgers & Hagerty, Inc.,* 277 N. Y. 483; *Weprin & Glass Bldg. Corp.* v. *Rosoff Subway Constr. Co.,* 269 N. Y. 672.)   And that the rule in actions for. trespass to realty as distinct from personalty is that the jury in fixing damages has discretion whether to add interest or not.   It is very likely that this, at least at one time, was the law.   (*Leibowitz* v. *City of Mount Vernon,* 253 App. Div. 758; *Duryee* v. *Mayor of City of N. Y.,* 96 N. Y. 477.)   Whether that continues to represent the law is raised by the opinion in *Flamm* v. *Noble* (296 N. Y. 262).   There the action was for fraud and duress in connection with personalty.   Though interest was not demanded in the complaint and no application to have the jury declare his right

to interest was made by the plaintiff, the court allowed it. Certainly the case involved an invasion of rights in connection with personalty rather than realty. However, the court pointed out that the distinction between where, in a tort case, interest was allowable as a matter of law and where it was within the jury's discretion depended on whether the injury was occasioned by trespass or by negligence. In other words, it is the manner of the causing of the injury rather than the kind of property which is the test. This is taken to be the true rule.

The next question is whether interest should be calculated from the date of the trespass or from the dates that respective items of damage resulting from the trespass were actually suffered. If the latter is the rule there is presently no practicable method of fixing dates and the date on which the action was begun would have to be adopted. Ordinarily, the rule is that interest runs from the date of the wrong. (*Reno* v. *Bull*, 226 N. Y. 546.) Where, however, as here, the damages include loss of profits which would have been earned after the wrong, interest from that date would be a penalty rather than compensation. In addition to profits there are other items in the same category.

The motion is granted to the extent that the judgment is to be corrected by striking out the award of interest and adding an award calculating interest from the date of the commencement of the action. Settle order accordingly.