HIGH QUALITY HOMES, INC., Respondent, v. IRENE K. PALMER, Appellant.— On September 21, 1950, plaintiff contracted with defendant to build for her a one-family house in Yonkers, New York. The house was to have a garage in part of the basement. The contract price was $14,500. The blueprints provided for a twenty-foot setback. Plaintiff built the house with a fifteen-foot setback, which it claimed was with defendant's consent. The result of bringing the house that much closer to the curb was that the ramp down to the basement garage was so steep as to render the garage unusable. When plaintiff demanded the final payment, a dispute arose as to the steepness of the ramp. After several unsuccessful attempts at settlement, plaintiff removed the ramp and sealed the building, all with defendant's knowledge. The result is that defendant does not have the garage which the parties had contracted she would have. This action is to foreclose a mechanic's lien for a balance of $2,462.50 due on the contract, plus certain extras. Defendant counterclaimed for defective work and breach of contract and for loss of use of the garage. The Official Referee, to whom the matter was referred to hear and determine, found that there was substantial performance, granted judgment to plaintiff for the balance due plus certain extras, allowed defendant part of the counterclaim, but disallowed her claim for loss of use of the basement garage. Defendant appeals from so much of the judgment as disallows her claim for loss of use of the garage, as allows plaintiff certain extras, and interest from the date of commencement of the action instead of from the date of the decision of the Official Referee. Judgment, insofar as it disallows defendant's claim for loss of use of the garage, reversed on the facts, without costs, and new trial granted, on the ground that the finding that defendant is not entitled to such damage is against the weight of the evidence. Plaintiff is entitled to its claim for $156 for extras. It is not disputed that the extra work was performed at defendant's

request and that the price is reasonable. Plaintiff was entitled to interest as a matter of right at least from the date of commencement of the action. (Civ. Prac. Act, § 480; *Manufacturers Trust Co.* v. *Gray,* 278 N. Y. 380; *Aronowsky* v. *Goldberger-Raabin Co.,* 250 App. Div. 731.) Wenzel, Acting P. J., Mac-Crate, Schmidt, Beldock and Murphy, JJ., concur. [See *post,* p. 1079.]