■ JOHN A. BELLIZZI, Respondent, v. HUNTLEY ESTATES, INC., Appellant.— In an action to recover damages for breach of a contract for the sale of real property and the construction of a house, defendant appeals from a judgment of the County Court, Westchester County, entered on a jury verdict in favor of plaintiff. Judgment reversed and new trial ordered, with costs to appellant to abide the event. Plaintiff took title to a six-room house, with a bedroom over the garage and with a crawl space, but no cellar, under the living quarters on the first floor. After he took title, the town paved the street in front of the premises at a grade about two feet lower than the rough grade at the time the contract was entered into. Thereafter defendant graded and macadamized the driveway, leading from the garage to the street. The jury could find that the grade of the driveway did not permit plaintiff the reasonable use of the driveway and of the garage, which he would have had if the defendant had performed the contract. (*High Quality Homes* v. *Palmer*, 283 App. Div. 954.) On the other hand, the jury could have found that plaintiff had consented to the building of the garage on top of the rocks and that defendant had substantially performed the contract, and that there was no bad faith on its part insofar as performance was not complete. Plaintiff testified that he could drive his car into the garage and usually did so, but that because of the steep slope of the driveway he could not drive it into the garage when there was a heavy rainfall or when there was snow or a glaze on the driveway or when the presence of a car parked on the opposite side of the street prevented his entrance on the driveway with sufficient speed to drive into the garage. His witness testified that a good driver could use the driveway and that snow and ice would prevent the use of driveways with far less slope than this. The jury rendered a $5,000 verdict which was based on testimony that there was a grade of 22½% and that to reduce the grade to 12%, a permissible grade, it would be necessary, among other things, to tear up the garage floor, excavate the rock underneath the garage floor, drop the garage floor four feet, nine inches, underpin the walls of the garage, make a new foundation, build a new driveway, and take care of the brick veneer. The purchase price of the premises with the house, garage and driveway was $16,740. The court excluded evidence offered by defendant as to the value of the property, charged the jury that the measure of damages was the cost of making the driveway as the parties agreed, and refused to charge that the rule of damages " is the difference between the value of the building as constructed and its value had it been constructed conformably to the contract or the cost of repairs, whichever is the lesser." In our opinion, such proof was erroneously excluded. The evidence should have been received, and the jury should have been instructed that if there was substantial performance of the whole contract on the part of defendant, or if there was a breach of the contract by defendant and the failure to perform was not in bad faith, and destruction and reconstruction were necessary to get a driveway as was agreed to be built, the jury could not allow the cost thereof if such cost would exceed the difference between the value of the premises as they were with the driveway as built and the value with a driveway as it should have been built. (*Jacob & Youngs* v. *Kent*, 230 N. Y. 239, 244; 1 Clark on New York Law of Damages, § 331; Restatement, Contracts, § 346, pp. 572–574; 2 Sedgwick on Damages [9th ed.], § 644; 5 Williston on Contracts [rev. ed.], § 1363, pp. 3825–3826; 5 Corbin on Contracts, § 1090; *Kidd* v. *McCormick*, 83 N. Y. 391; *Walter* v. *Hangen*, 71 App. Div. 40.) The record reveals no other error which would call for reversal of the judgment. The parties contracted for a building substantially similar in

construction and design to a model at a time when the road in front of the premises had not been finally graded and when it was assumed the grade would be higher than as finally established. They orally agreed to a change of the location of the garage as shown on the model house. Defendant agreed in writing to perform, after title closed, what had not been performed. The garage had been built but the driveway had not been graded or macadamized before title closed. Plaintiff went into possession shortly after the closing. Under these circumstances, it was not error to permit testimony as to what was stated by the officers of the defendant as to the driveway and plaintiff's requests for performance. Wenzel, Acting P. J., MacCrate, Schmidt, Beldock and Murphy, JJ., concur.