Irving H. Saypol, J.
Application by the plaintiff for an order directing the Clerk to include interest in the judgment to be entered upon the verdict returned herein on November 16, 1962, is granted to the extent of allowing such interest from August 23, 1956, when this action was commenced.
The plaintiff here sued for $5,000,000 compensatory damages and for an equal amount for punitive damages on two causes of action, intentional torts resulting in damage to a property right: (1) for inducing breach of contract and (2) for unfair competition causing, in the course of competitive bidding, the award to the defendant by the United States Navy on November 10, 1955, of a $16,000,000 contract for installation in the Atlantic Ocean of two advance warning radar stations.
After a five-week trial by a jury wherein the plaintiff offered testimony and documentary evidence of loss of profits from the lost contract of $1,161,667, the jury awarded $850,000 in a general verdict for compensatory damages and by its silence it disallowed punitive damages. There was neither request by the plaintiff nor instruction by the court regarding the subject of interest on the damages.
Factually, in brief, plaintiff and its predecessors, since 1949, had developed devices and procedures which facilitated and expedited construction and installation of marine platforms, so called Texas Towers. Originally the work dealt with off-shore oil-drilling sites in depths up to 30 or 40 feet. Ultimately the foundations at sea bottom were up to 180 feet below water surface. Later, docks were built and set up in Venezuela and at Thule, Greenland, for the defense forces. Practically from the *509 .beginning, one Lucas, an inventor with much experience in heavy construction, on land and at sea, was associated with the .plaintiff, its predecessors and their principal, Leon De Long. Both had formerly some affiliation with the defendant at the same or different times. De Long and Lucas in 1952 entered into an employment agreement and the violation of its provisions ¡relating to noncompetition and protection of confidences and trade secrets resulted in litigation in the United States District .Court for the Southern District of New York. That case was settled by another agreement on June 10, 1953, continuing for two years the covenants by Lucas not to compete and to protect the plaintiff’s secrets and confidences. Lucas’ violation of that agreement by association with the defendant during its effective term brought on another action against him alone for injunction ,and money damage and that was decided in plaintiff’s favor and a judgment for $647,055.44 (De Long Corp. v. Lucas, 176 F. Supp. 104, 126 [Frederick Van Pelt Bryan, J.], affd. 278 F. 2d 804, cert, denied 364 U. S. 833). Judge Bryan’s careful analysis and its fine detail clearly portray the same basis for the claimed damages as was presented in this case. It has been disclosed here that while this defendant was not brought into the case against Lucas where his breach of the contract was found, nevertheless the defendant here through its general counsel followed the case and bore most if not all of Lucas’ legal expense for his defense of that ease. In the companion motion, assailing the verdict, of the six general grounds urged, all except the first, for excessiveness, are reiteration of objections and exceptions fully presented, argued, considered and decided in the trial. Excessiveness is not well urged. The amount representing as it does approximately 70% of the figure arrived at in a complete and detailed presentation by the plaintiff, both assailed and countered by the defendant, presents no tenable basis for impugning the product of the jury’s verdict.
The plaintiff claims interest both on the authority of statute and also on judicial precedent. The defendant disagrees on any ground. Section 480 of the Civil Practice Act provides, as pertinent, in the second sentence as follows: “In every action wherein any sum of money shall be awarded by verdict * * * upon a cause of action for the enforcement of or based upon breach of performance of a contract * * * interest shall be recovered.” (Emphasis supplied.) The plaintiff argues that its tort action for inducing breach is based upon a breach although committed by another not a party to the contract. In other words the language used is not so confining as to interpret it to say, as does the defendant in its brief, an action on con *510 .tract. Judicial holdings on the one hand speak of indemnity, The tendency is to make interest an incident of the recovery.” ,(Preston Co. v. Funkhouser, 261 N. Y. 140, 143.) “ Interest is * * * a fundamental principle of damages” (id., p. 144). Judge Fuld’s dissenting opinion in Purcell v. Long Is. Daily Press Pub. Co. (9 N Y 2d 255, 259, 261) goes beyond the majority’s holding which makes it a jury question where the action is for negligent injury to property, and contrariwise Judge Fuld with citation and quotation speaks for indemnity. ,On the opposite side, although in older cases (cf. Adler v. Pilot Ind., 192 Misc. 774 [Steuer, J.]), it was said that interest for personal tort or when uncertain constitutes a penalty. The defendant argues, too, that uncertain profits negate the award of interest, citing Grobe v. Kramer (178 Misc. 247, affd. 266 App. Div. 768). There is no uncertainty here, if acceptable to ,the jury, there was full and detailed evidence to constitute clear proof of damages.
Be verting to the statute, section 480 of the Civil Practice Act, it is written that “ The addition of interest to the damages flowing from a breach of contract is mandatory ” (emphasis supplied; Carmody, New York Practice, § 602 [Forkosch ed.]). When the sentence is analyzed it is apparent that it does two things: First, it mandates interest where the action is between the parties, that is, enforcement of their contract. Enforcement is conceivable only as against one a party to the contract. Secondly, the language following ‘ ‘ or based upon breach of contract ” envisions not only a direct but a related incident, otherwise the Legislature must be deemed to have employed superfluous words. If defendant’s version were the intended one, all that would be necessary would be to use the defendant’s words “ In an action on contract ”, Forkosch aptly phrases the extending application as “ flowing from a breach of contract ”. That is then the ground for holding that section 480 contemplates an action for inducing breach. Certainly, it cannot be .said that the statute precludes an allowance of interest (Flamm v. Noble, 296 N. Y. 262; Sciaky v. Rodgers & Haggerty, 277 N. Y. 483; 7 Carmody-Wait, New York Practice, §§ 37, 244, 245; 36 N. Y. U. L. Rev. 1561, 1582; 60 Harv. L. Rev. 1158; Ann., 36 A. L. R. 2d 337) and the award will run from the date of the commencement of the action (Adler v. Pilot Ind., supra, p. 775). Morgan v. Onassis (5 N Y 2d 732) is inapposite.
The Clerk is directed to add interest from August 23, 1956, upon the entry of judgment on the jury’s verdict.