DE LONG CORPORATION, Respondent, *v.* MORRISON-KNUDSEN COMPANY, INC., Appellant.

First Department, December 17, 1963.

*Emil V. Pilz* of counsel (*Robert B. Jarvis, Stanley J. Norton, J. Edward Davey, Jr.,* and *Eugene Schaffel* with him on the brief; *Nevius, Jarvis & Pilz,* attorneys), for appellant.

*Edward J. Ennis* (*Clifford Forster, John L. Ingoldsby, Jr.,* and *Patrick J. Head* with him on the brief), attorney for respondent.

BREITEL, J. P. Plaintiff recovered a jury verdict for $850,000 in an action in tort for unfair competition and inducement of a breach of contract. To this award interest was added by Special Term, on motion made subsequent to the verdict, resulting in an aggregate judgment of $1,173,351. This court is affirming the judgment in all respects (20 A D 2d 625, 627), and it is only with respect to the postverdict addition of interest that it is desirable to comment.

The issue is whether a plaintiff victimized by a business tort of the nature pleaded and proved in this action is entitled to have interest included as a matter of right on the damages assessed, measured from the date on which the action was begun. It is concluded that it is so entitled, not because enforcement of a contract is involved or because the damages " flow " from a breach of contract, but because, in the case of intentional tort resulting in pecuniary injury measurable by economic standards and not involving personal injuries, interest must be added if the victim of the tort is to be made whole. The computation may be from the date the action was commenced, because the

evidence discloses that the lost profits may have accrued at about that time.

Defendant tortiously obtained and utilized confidential information of the plaintiff from a former employee of plaintiff, in violation of a restrictive covenant made by the faithless employee. The information involved the cost and the manner of constructing and installing jacks which raise and lower large weight-bearing platforms situated over water, such as docks and off-shore "Texas Towers" designed as oil-drilling sites or radar stations. As a result of the tort the jury found that defendant, to the exclusion of plaintiff, received a profitable $16,431,000 Government defense contract to construct two off-shore radar stations. It fixed the damages to plaintiff, that is, the loss of profits, at $850,000. The verdict depended upon a finding of intentional conduct by defendant with knowledge of the significant facts. The facts are further described in the opinion at Special Term (38 Misc 2d 508), and are fully detailed in the opinions in the related Federal action against the former employee (*De Long Corp.* v. *Lucas,* 176 F. Supp. 104 [BRYAN, J.], affd. 278 F. 2d 804 [per FRIENDLY, C. J.], cert. den. 364 U. S. 833).* The cases involve a dramatic narrative of commercial piracy.

Considerable confusion has existed in the past in this State concerning the allowability of interest, for the period before judgment, on damage awards, because of distinctions laid down in the cases. The cases categorize between personal and property injuries, and between intentional and nonintentional injuries. There are also classifications dependent on whether such interest might be added as a matter of right, as a matter of discretion (by the jury or other fact-finder), or not at all. When the interest is allowed as a matter of right it must be added to the assessed damages, and this may be done after the verdict is returned. (See 1950 Report of N. Y. Law Rev. Comm., pp. 105–126; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., ¶¶ 5001.01–5001.09.) To be precise the question is whether interest should be allowed from the date of the wrong to the date of judgment, there being, of course, no dispute that interest

---

* In the Federal action plaintiff recovered judgment for $801,880.03, inclusive of interest against its former employee. The Federal action was for breach of contract and the addition of interest was a matter of right, even though the damages were unliquidated, under the amended provisions of section 480 of the Civil Practice Act. The Federal judgment has not been paid and, hence, no question of double satisfaction of plaintiff's damages is involved. The difference in amounts is partly accounted for by inclusion or exclusion of general administrative and overhead expense in computing the loss of profits (cf. *Grand Trunk Western R. R. Co.* v. *Nelson Co.,* 116 F. 2d 823, 838–839).

runs on the judgment award. Fortunately, the confusion, somewhat allayed in recent years, need not and should not be invoked in this case.

Special Term relied on section 480 of the Civil Practice Act then applicable (succeeded by CPLR 5001, subd. [a] in modified form).* The statute, as amended in 1927, directed the award of interest in any action " for the enforcement of or based upon breach of performance of a contract." Special Term brought the action within the statute by concluding that the damages in this tort action for unfair competition and inducement to breach contract flowed from the breach of the contract by the former employee and that the tort action was " based upon breach of performance of a contract ". Resort need not be had to such an " extremely expansive reading " (5 Weinstein-Korn-Miller, N. Y. Civ. Prac., ¶ 5001.04, supra). But, apart from the statute, plaintiff is entitled to interest as a matter of decisional law. This permits allowance of interest on the damage award in the case of intentional torts affecting external economic interests and not involving personal injuries. The fact is that section 480 never purported to cover the field of interest allowance, and the 1927 amendment was intended only to remove difficulties in allowing interest upon unliquidated damages (*Flamm* v. *Noble,* 296 N. Y. 262, 266).

It has been the settled rule that interest must be allowed as a matter of right on recoveries for intentional tort with respect to property and property rights (*Flamm* v. *Noble, supra,* p. 268). With respect to injuries to property resulting from negligence, New York for a long time has had a peculiar rule. The allowance of interest in that case, up until the effective date of the Civil Practice Law and Rules, was left to a discretionary finding by the jury or other fact-finder (*Wilson* v. *City of Troy,* 135 N. Y. 96, 104–105). In all personal injury actions, whether resulting from intentional tort or not, the plaintiff has not been entitled in any circumstance to recover interest on the assessed damages

---

* Civ. Prac. Act, § 480, read as follows, with the relevant portion emphasized: " Interest to be included in recovery. Where in any action, except as provided in section four hundred eighty-a, final judgment is rendered for a sum of money awarded by a verdict, report or decision, interest upon the total amount awarded, from the time when the verdict was rendered or the report or decision was made to the time of entering judgment, must be computed by the clerk, added to the total amount awarded, and included in the amount of the judgment. *In every action wherein any sum of money shall be awarded by verdict, report or decision upon a cause of action for the enforcement of or based upon breach of performance of a contract, express or implied, interest shall be recovered upon the principal sum whether theretofore liquidated or unliquidated and shall be added to and be a part of the total sum awarded.*" (Italics supplied.)

(see 1950 Report of N. Y. Law Rev. Comm., pp. 105–126, *supra,* containing an exhaustive analysis and collection of cases to date covering the right to interest in all categories of damage recovery).

Defendant correctly points out that the Court of Appeals in *Purcell* v. *Long Is. Daily Press Pub. Co.* (9 N Y 2d 255) made clear that its prior holding and dicta in the *Flamm* case (*supra*), were not to be construed as abolishing the distinction between nonintentional and intentional torts. While this is true, it makes no difference in this case, because neither the *Flamm* nor the *Purcell* case detracts from the rule, if only the modern cases be properly analyzed and classified, that with respect to intentional torts (in other than personal injury cases) the injured plaintiff is entitled to interest as a matter of right. Indeed, even after the Civil Practice Law and Rules the rule in this respect was not changed. As a matter of fact the New York rule, before the Civil Practice Law and Rules, except for the distinction with respect to nonintentional injury to property, was similar to the rules which obtain generally in common-law jurisdictions. Thus, section 913 of the Restatement of Torts states the rule with respect to interest as follows:

" 913. INTEREST

" (1) Except where the plaintiff can and does elect the restitutional measure of recovery, he is entitled to interest upon the amount found due

" (a) for the taking or detention of land, chattels or other subjects of property, or the destruction of any legally protected interest therein, where the valuation can be ascertained from established market prices, from the time adopted for their valuation to the time of trial, or

" (b) except as stated in Subsection (2), for other harms to pecuniary interests from the time of the accrual of the cause of action to the time of trial, if the payment of interest is required to avoid an injustice.

" (2) Interest is not granted upon an amount found due for bodily harm, for emotional distress, or for injury to reputation, but the time which has elapsed between the harm and the trial can be considered in determining the amount of damages."

(Compare 13 N. Y. Jur., Damages, §§ 135–138; 7 Carmody-Wait, New York Practice, Judgments, § 37; 25 C. J. S., Damages, § 92, subd. c, par. [5]; Interest on Amount of Damage, Ann. 36 A. L. R. 2d 337, 343–354.)

In the discussion it has been assumed, *sub silentio,* of course, that an injury to a contract right is an injury to a property

interest. This would seem to be a matter of rather elementary legal equivalence (see Bouvier's Law Dictionary [Rawle's 3rd Rev.], Property; 73 C. J. S., Property, § 1). But the logical limits of the legal concepts of property and contract right need not be explored in the determination of the question here, because the distinctions have turned on something else. The practice, realistically, in common-law jurisdictions has been to separate the personal injury from the external economic interests, and in New York, in addition to that separation, to distinguish between intentional and nonintentional injuries to external economic interests. They have not turned on the kind of property involved, or its tangibility or intangibility (see *Adler* v. *Pilot Inds.,* 192 Misc. 774 [STEUER, J.]).

Under the Civil Practice Law and Rules some of the remaining difficulties which created confusion in the past have been eliminated and the language expanded to codify some of the rules applicable to damages sustained as a result of conduct beyond contract breach, and to refer to the special rules applicable to relief of an equitable nature (see CPLR 5001, subd. [a]*; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., ¶¶ 5001.01–5001.09, *supra,* but see especially ¶ 5001.04 in which the holding in this case at nisi prius is commented upon). Indeed, since the Civil Practice Law and Rules the only remaining significant distinction is that covering personal injury cases. This is because the Civil Practice Law and Rules has eliminated the distinction between intentional and nonintentional property torts which survived the *Purcell* case (*supra*). The personal injury exception continues because as a matter of policy the damage award in such a case most often includes compensation for future loss, and therefore to add interest would be duplicatory (see McKinney's Cons. Laws of N. Y., Book 7B, CPLR 5001, Notes, p. 527). On any view, personal injury damages are rarely measurable by external economic standards.

In any event, whether or not it be true, as discussed earlier, that the modern decisional law has minimized past confusing distinctions among different kinds of torts, there should be much less such confusion under the Civil Practice Law and Rules. Thus, it has been stated: " CPLR 5001(a) is phrased broadly

---

* CPLR 5001 subd. (a) reads as follows: " § 5001. Interest to verdict, report or decision.

" (a) Actions in which recoverable. Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion."

and is designed to obliterate all distinctions that may turn on the form of the action (except as to actions of an equitable nature, see ¶ 5001.06), the type of property involved, or the nature of the encroachment upon the plaintiff's property interests. Thus, interest is available for the tortious interference with intangible, as well as tangible, property whether or not the property has been physically damaged." (5 Weinstein-Korn-Miller, N. Y. Civ. Prac., ¶ 5001.05, *supra.*)

As a last point, defendant urges that in any event the interest was improperly computed from the date the action was begun. That date was August 23, 1956, and defendant did not finish the actual installation until July, 1957. However, that is defendant's date of completion. This is not conclusive of when profits would have accrued to plaintiff had it obtained the contract and no tort had frustrated it. Moreover, plaintiff argues that progress payments would have been made during construction. Where the date from which interest should be computed is a matter of conjecture the courts have held that the date when the action was begun is appropriate (see *Adler* v. *Pilot Inds.*, 192 Misc. 774, *supra*; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., ¶ 5001.10; McKinney's Cons. Laws of N. Y., Book 7B, CPLR 5001, Notes, and cases cited, p. 527).

Accordingly, the order entered December 19, 1962 directing that interest from the date of the commencement of the action be added to the verdict should be affirmed, with costs to plaintiff-respondent.

RABIN, McNALLY, EAGER and STEUER, JJ., concur.

Order entered on December 19, 1962 unanimously affirmed, with $10 costs and disbursements to respondent.

