Fuld, J.
On this appeal, by our leave, from the Appellate Division’s order affirming the final judgment in the plaintiff’s favor, we have reviewed that court’s affirmance of the nonfinal orders (1) adding interest to the verdict and (2) denying a new trial (CPLR 5501 [a], former Civ. Prac, Act, § 580)[1]
*348 We agree with the Appellate Division that, in this notion for inducing breach of contract and unfair competition, the successful plaintiff was entitled as a matter of right to interest on the amount of the recovery, measured from the date of the accrual of the cause of action,[2] in accordance with the decisional law upholding the right to such interest in actions to recover for property damage stemming from intentional torts. (See Wilson v. City of Troy, 135 N. Y. 96,104-105; Flamm v. Noble, 296 N. Y. 262, 268; see, also, Purcell v. Long Is. Daily Press Pub. Co., 9 N Y 2d 255, 257.)
We perceive no basis for differentiating this case from suits involving other classes of intentional torts, such as actions for conversion, fraud, duress, trespass or replevin, in which pre-verdict interest has been held to be recoverable as a matter of right. (See Wilson v. City of Troy, 135 N. Y. 96, 104-105, supra; Flamm v. Noble, 296 N. Y. 262, supra.) The need is as great in this case as in those others since the purpose of the award of interest is to afford a plaintiff “ full indemnification” for the defendant’s wrongful interference with his property rights. (See Flamm v. Noble, 296 N. Y. 262, 268, supra.) While this court has recently declined to discard the decisional rule—which it has frequently criticized (see, e.g., Wilson v. City of Troy, 135 N. Y. 96, 104-105, supra; Flamm v. Noble, 296 N. Y. 262, 268, supra)—that interest in actions involving negligent injury to property must be left to the discretion of the trier of facts (see Purcell v. Long Is. Daily Press Pub. Co., 9 N Y 2d 255, supra), it is generally recognized that interest is awardable as a matter of right in all other tort actions in which damages are recovered for the destruction of, or injury to, property rights. (See 1950 Report of N. Y. Law Rev. Comm., pp. 110-116.)
This being so, we need not decide whether section 480 of the Civil Practice Act — in effect when the court awarded interest — may be broadly read, as Special Term did, to include a tort action for inducing breach of contract as one “ based upon *349 breach of performance of a contract ’ And, since the motion for the allowance of interest was made and granted prior to the effective date of the new CPLR (cf. Simonson v. International Bank, 14 N Y 2d 281, 290), there is no occasion for us now to consider the impact and scope of its section 5001(a), expanding the right to interest in property damage actions. We note, however, to quote the authors of the comprehensive work on the new statute, that that provision ‘ ‘ is phrased broadly and is designed to obliterate all distinctions that may turn on the form of the action * * *, the type of property involved, or the nature of the encroachment upon the plaintiff’s property interests.” (5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5001.05, at p. 50-16.)
Concerning the other arguments advanced by the defendant, we would merely say that we have examined them and find them without substance.
The order affirming the judgment should be affirmed, with costs.
Chief Judge Desmond and Judges Dye, Van Voorhis, Burke, Scileppi and Bergan concur.
Order affirmed.

. CPLR 5501(a) provides, in part, that “An appeal from a final judgment brings up for review: 1, any non-final judgment or order which necessarily affects the final judgment * * * [and] 2. any order denying a new trial”. (Italics supplied.) If taken literally, this section might bar review of such nonfinal orders on appeal to this court (pursuant to the new enactment [CPLR 5512]) from the order of the Appellate Division embodying the final determination. (See Purchasing Assoc, v. Weitz, 13 N Y 2d 267, 275.) However, we do not so read the section in view of the evident intent of the drafters of the CPLR not to curtail the power of review in this respect previously vested in this court under section 580 of the Civil Practice Act. (See N. Y. Legis. Doc., 1958, No. 13, pp. 125-126.)

. The fact that the plaintiff was here awarded interest from the date of the commencement of the action, rather than from any earlier date, affords the defendant no basis for complaint. (See High Quality Homes v. Palmer, 283 App. Div. 954, 955; Adler v. Pilot Ind., 192 Misc. 774; see, also, 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5001.10.)