■ MAX H. PHELPS et al., Respondents-Appellants, v. A. R. GUNDRY, INC., et al., Appellants-Respondents.— Judgment and order insofar as appealed from unanimously modified in accordance with memorandum and as modified affirmed, with costs to plaintiffs-respondents. Memorandum: A general jury verdict in the amount of $30,654.15 was awarded plaintiffs for property damage and lost profits resulting from a fire caused by the claimed negligence of the defendants. We have no difficulty in affirming this verdict. Thereafter the plaintiffs moved to have interest computed on the verdict from the 1st day of March, 1958 (the date of the fire loss) pursuant to CPLR 5001 (subd. [a]). Special Term allowed interest from the 18th day of June, 1960 (the date of

the commencement of the action). The basis of this determination was the inability to ascertain because of the general verdict the amount the jury awarded for property damage and the amount, if any, for loss of profits. The plaintiffs stipulated at the time of trial that their claim for lost profits was limited to $4,379.42. On this appeal they consent that it may be assumed the jury awarded this amount for that element of damage. CPLR 5001 (subd. [b]), which these parties agree applies here, provides that interest shall be computed from the earliest ascertainable date. Deducting the maximum amount for lost profits from the general verdict there remains $26,274.73 for property damage. This loss occurred on March 1, 1958 and interest on that amount should be awarded from that date. This does no violence to the defendants since it allows interest from the date of the loss on the minimum amount the jury could have awarded for this element of loss. As to the interest on the loss of profits the stipulated record furnishes little or no assistance in determining the date or dates of loss. We therefore conclude that the reasonable intermediate date from which interest should be added to the $4,379.42 for loss of profits is, as found by Special Term, June 18, 1960. (Appeal from judgment of Erie Trial Term in favor of plaintiffs in a negligence action; also appeal by plaintiffs from certain parts of an order denying plaintiffs' motion to add interest to the verdict from March 1, 1958 instead of from June 18, 1960.) Present — Bastow, J. P., Goldman, Henry, Noonan and Del Vecchio, JJ.