**Frank W. EARNEST, Jr., Plaintiff,**

v.

**DONALD DESKEY ASSOCIATES, INC., Defendant.**

**No. 68 Civ. 1828(MP).**

United States District Court, S. D. New York.

May 20, 1970.

Weil, Lee & Bergin, New York City, for plaintiff, by Alfred T. Lee, New York City, of counsel.

## MEMORANDUM

POLLACK, District Judge.

This is a motion by plaintiff to amend the judgment entered in his favor against defendant by adding pre-verdict interest.

■ Rule 59(e), Fed.R.Civ.P., provides that motions to amend a judgment be served not later than 10 days after entry of judgment. The judgment herein was entered on April 22, 1970. [# 70,-649.] Service was effected by mail, Rule 5(b), Fed.R.Civ.P., on May 1, 1970. Since the 10-day period, computed as indicated in Rule 6(a), Fed.R. Civ.P., ended on May 4, 1970, the motion is timely.

■ In diversity actions based on the breach of performance of a contract, pre-verdict interest is due as a matter of right, pursuant to the provisions of N. Y.CPLR § 5001. Julien J. Studley, Inc. v. Gulf Oil Corp., 425 F.2d 947, Docket No. 33729 (2d Cir. Dec. 15, 1969); cf., Spanos v. Skouras Theatres Corp., 235 F.Supp. 1 (S.D.N.Y.1964), aff'd, 364 F. 2d 161 (2d Cir.1966 en banc), cert. denied, 385 U.S. 987, 87 S.Ct. 597, 17 L. Ed.2d 448 (1966); United States for Use and Benefit of Groisser & Schlager Iron Works, Inc. v. Walsh, 240 F.Supp. 1019 (N.D.N.Y.1965). Subsection (b) of N.Y.CPLR § 5001 provides that interest be computed "from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred." Subsection (c) directs that "the court upon motion shall fix the date" from which interest is to be computed where the "jury is discharged without specifying the date."

Plaintiff argues, alternatively, that interest should be computed from January 10, 1966, "when plaintiff, with defendant's knowledge, first placed orders with suppliers in reliance upon the defendant's defective specifications," or

from May 3, 1968, when the action was filed.

 The date when orders were placed is indeed an ascertainable date by which time a cause of action existed. 2 S. Williston A Treatise on the Law of Contracts § 1339A, at 206 (3rd ed. 1968). However, there is reason to believe that all the damages reflected in the jury's award were incurred after that date.

The Court's charge permitted the jury to award damages for out-of-pocket expenses, lost profits, and losses occasioned by a material delay. The general verdict returned by the jury, however, affords no basis for determining which items of damages were actually included in the award. Thus, even though the out-of-pocket expenses mentioned in the plaintiff's evidence would have been incurred prior to January, 1966, there is no indication that such losses were included in the award. On the other hand, although the jury award of $18,500 necessarily consisted largely of lost profits and losses engendered by delay, there is no ascertainable date by which such damages must have been incurred.

 Since no date can be fixed prior to the commencement of the action by which the damages were incurred, the date when the action was commenced should be employed. DeLong Corp. v. Morrison-Knudsen Co., Inc., 20 App. Div.2d 104, 110, 244 N.Y.S.2d 859 (1st Dept. 1963), aff'd, 14 N.Y.2d 346, 251 N.Y.S.2d 657, 200 N.E.2d 557 (1964); Phelps v. A. R. Gundry, Inc., 23 App. Div.2d 960, 261 N.Y.S.2d 194 (4th Dept. 1965). The action was commenced on May 3, 1968. Computing interest at the legal rate of six percent to June 30, 1968, at seven and one quarter percent from July 1, 1968, to February 15, 1969, and at seven and one-half percent from February 16, 1969, to April 22, 1970, when the judgment was entered, interest on the $18,500 award in the amount of $2,627.01 should be added.

So ordered.