Marvin W. MORSE, Plaintiff,

v.

SWANK, INC., Pierre Cardin, S. A. R. L. de Gestion Pierre Cardin, Max J. Bellest, and Cardin Coordinating Office, Inc., Defendants.

No. 77 Civ. 5185 (CHT).

United States District Court, S. D. New York.

Aug. 14, 1981.

Solin & Breindel, New York City, for plaintiff; Howard Breindel, Robert Aronson, New York City, of counsel.

Greenbaum, Wolff & Ernst, New York City, for defendants Pierre Cardin and S. A. R. L. de Gestion Pierre Cardin; Sydney J. Schwartz, Lisa S. Rothblum, New York City, of counsel.

OPINION

TENNEY, District Judge.

After a jury trial, the plaintiff Marvin W. Morse was awarded a verdict of $435,000 against the defendant S. A. R. L. de Gestion Pierre Cardin. The parties agree that pre-verdict interest is available under N.Y.Civ. Prac. § 5001. Affidavit of Robert Aronson, sworn to June 4, 1981 ("Aronson Aff."), ¶ 2; Affidavit of Sydney J. Schwartz, sworn to May 27, 1981 ("Schwartz Aff."), ¶ 4. But they disagree on how to calculate that interest.

The plaintiff argues that interest "should be computed from the date of the breach by defendant . . . March 24, 1977" through the date of judgment. Aronson Aff. ¶ 3. The defendant points out, however, that the verdict "is an award for loss of profits which would have been earned over a three year period and not as of March 10, 1977." Schwartz Aff. ¶ 3. Accordingly, Cardin suggests that interest should be calculated from a reasonable intermediate date in each year since the defendant's breach. Id. ¶ 5.

■ Subsection 5001(b) governs the date from which interest is to be computed. It provides:

(b) *Date from which computed.* Interest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest shall be computed from the date it was incurred or upon all of the damages from a single reasonable intermediate date.

In a contract action, where the entire harm is suffered immediately upon the breach, interest is computed from the breach, which

will be the "earliest ascertainable date the cause of action existed." E. g., *Van Gemert v. Boeing Co.*, 553 F.2d 812, 815 (2d Cir. 1977). This simple method of calculating interest is not appropriate, however, when damages are not suffered until after the breach. For example, interest on successive breaches of an installment contract will be computed from the date of each default. *E. g., Volkswagen Bristol Motors, Inc. v. Daimler-Benz of North America, Inc.*, 46 A.D.2d 644, 360 N.Y.S.2d 439 (1st Dep't 1974). Similarly, where damages have been caused by multiple acts of negligence, courts have chosen an intermediate date for computing interest, rather than attempt to assign each element of damage to a particular act of negligence. *E. g., McGroarty v. Great Am. Ins. Co.*, 43 A.D.2d 368, 351 N.Y.S.2d 428 (2d Dep't 1974), *aff'd*, 36 N.Y.2d 358, 368 N.Y.S.2d 485, 329 N.E.2d 172 (1975). "Thus, CPLR 5001(b) avoids both the under-indemnification of a successful claimant ... and the granting of a 'windfall' by an award of interest on the entire recovery from the first accrual of a cause of action." 5 Weinstein-Korn-Miller, N.Y.Civ.Prac. ¶ 5001.12, at 50–33 (1977).

In a case involving lost profits, the computation suggested by Morse is inappropriate. As written in *Adler v. Pilot Industries, Inc.*, 192 Misc. 774, 81 N.Y.S.2d 822 (S.Ct.1948), "[o]rdinarily, the rule is that interest runs from the date of the wrong.... Where, however, as here, the damages include loss of profits which would have been earned after the wrong, interest from that date would be a penalty rather than compensation." Accordingly, where the evidence is "not conclusive of when profits would have accrued to plaintiff," it is appropriate to compute interest from the date when the action was commenced. *De Long Corp. v. Morrison-Knudsen Co.*, 20 A.D.2d 104, 110, 244 N.Y.S.2d 859, 865 (1st Dep't 1963), *aff'd* 14 N.Y.2d 346, 251 N.Y.S.2d 657, 200 N.E.2d 557 (1964); *Phelps v. A. R. Gundry, Inc.*, 23 A.D.2d 960, 261 N.Y.S.2d 194 (4th Dep't 1965); *High Quality Homes, Inc. v. Palmer*, 283 A.D.2d 954, 130 N.Y.S.2d 360 (2d Dep't 1954). *See generally* Weinstein-Korn-Miller, *supra*, ¶ 5001.10, at 50–28 n.74 (1977 & 1979 Supp.).

Accordingly, the plaintiff is entitled to simple 6% interest on $435,000 from October 25, 1977, the day the case was commenced, see Fed.R.Civ.P. 3, through May 5, 1981, when the verdict was rendered. Interest after verdict is governed by N.Y.Civ.Prac. § 5002.

Hence the Clerk of the Court is instructed to compute interest as indicated, and he shall add that amount to the plaintiff's contractual damages in determining the full amount of the judgment.

So ordered.