### Donald A. COOPER and Barbara Cooper, Plaintiffs,

### v.

### ROSS & ROBERTS, INC. Defendant.

Superior Court of Delaware,
Kent County.

Submitted: Jan. 3, 1986.
Decided: Jan. 23, 1986.

Robert B. Young, of Young & Sherlock, Dover, for plaintiffs.

Myron T. Steele, of Prickett, Jones, Elliott, Kristol & Schnee, Dover, for defendant.

CHANDLER, Judge.

This lawsuit was brought by the plaintiffs, residents of Delaware, to recover damages for personal injuries received in an automobile accident occurring in New Jersey involving a truck operated by an employee of the defendant, a Delaware corporation. In December, 1985, it was tried to a jury, which found for the plaintiffs in the principal amount of $100,000.

The case was tried, and the jury instructed, according to the substantive law of New Jersey, the place where the tort occurred. All parties agreed that under the lex loci delicti rule traditionally adhered to by Delaware courts, New Jersey substantive law governed this lawsuit. *See Tew v. Sun Oil Co.*, Del.Super., 407 A.2d 240, 242 (1979).

Agreement could not be reached, however, as to which state law governs the question of the right to recover prejudgment, or moratory, interest. The issue is important to this case because Delaware does not provide by law for prejudgment interest, while New Jersey at least since 1972 has generally required the addition of such interest to a judgment. New Jersey Civil Practice Rule 4:42–11(b).

■ Neither the parties' submissions nor independent research has revealed precise Delaware authority on the question of prejudgment interest on a tort claim where the choice of law is disputed.[1] Were this a contract action, instructive precedents in Delaware are available. For example, if a contract contains a choice of law provision regarding prejudgment interest, that choice will be honored. *See Rose Hall, Ltd. v. Chase Manhattan Overseas Banking Corp.*, D.Del. 566 F.Supp. 1558 (1983), *citing Oliver B. Cannon & Sons, Inc. v. Fidelity & Casualty Co. of New York*, D.Del., 484 F.Supp. 1375 (1980). If the contract does not include such a provision, Delaware courts have concluded that the subject of prejudgment interest is governed by the substantive law of the state where the contract was to be performed. *Lichter v. Bowaters Southern Paper Corp.*, Del.Supr., 148 A.2d 671 (1959); *Stentor Elec. Mfg. Co. v. Klaxon Co.*, 3rd Cir., 125 F.2d 820 (1942).

In this tort action, the defendant, while conceding that New Jersey substantive law determines the rights and liabilities of the parties, insists that the question of prejudgment interest is procedural, meaning that it is governed by the law of Delaware, the forum state. *Connell v. Delaware Aircraft Industries, Inc.*, Del.Super., 55 A.2d 637 (1947). For this view the defendant relies on *Busik v. Levine*, N.J.Supr., 63 N.J. 351, 307 A.2d 571 (1973) *appeal dismissed* 414 U.S. 1106, 94 S.Ct. 831, 38 L.Ed.2d 733 (1973) in which the issue was whether the New Jersey Supreme Court rule authorizing prejudgment interest in tort actions was valid and, if so, whether it

should be applied retroactively. Because it was argued that the New Jersey Supreme Court could only validly promulgate rules that deal with procedure, the Court looked to whether interest was a matter of procedure or substance.[2] In his majority opinion for the New Jersey Supreme Court, Chief Judge Weintraub commented:

"What then is 'interest'? As we have said, it is compensatory as to the parties and represents 'damages' for delay in payment. 'Damages' constitute a 'remedy'. And 'remedy' promptly connotes 'procedure'. 1 Am.Jur.2d Actions, § 6, p. 546. But in the context of conflict of laws, majority view is that 'damages' go to the substance, i.e., that it would disserve the values involved to apply the law of the forum rather than the law of the place of the wrong. 22 Am.Jur.2d, Damages, § 3, pp. 15–16. The Restatement (2d) of Conflict of Laws (1971), §§ 145 and 171, espouses that view. Prejudgment interest may be deemed to be part of the damages occasioned by the initial wrong, although one might say that such interest is a remedy for a second wrong, i.e., the delay in payment. Upon the later view the situs of that wrong might arguably be the forum. The Restatement (2d) of Conflict of Laws (1971), § 171, c, would apply to prejudgment interest the same rule applicable with respect to the basic damages to determine 'whether the plaintiff can recover interest and, if so, at what rate for a period prior to the rendition of judgment as part of the damages for a tort.' " *Busik, supra,* 307 A.2d at 580–81.

---

**1.** Plaintiffs cite *Speed v. Trans-America Corp.*, D.Del., 135 F.Supp. 176 (1955) mod. on other grounds, 3rd Cir., 235 F.2d 369 (1956) for the proposition that Delaware courts have applied the law of the place where the tort occurred to moratory interest awards. *Speed* involved an action for fraud and deceit in the purchase from plaintiffs of certain shares of stock of a Kentucky corporation. The Court applied Kentucky law, where the transactions complained of occurred, with respect to the issue of prejudgment interest. However, it appears that the parties in that case agreed that Kentucky law governed

the case. And although the Court referred to Delaware conflict rules, there was no clear analysis of the issue, which is not surprising when an issue is uncontested. *Speed* tends to confirm my view in this matter, but it is not treated as dispositive.

**2.** Ultimately the New Jersey Supreme Court upheld its power to promulgate the prejudgment interest rule, but its resolution of that issue did not turn on the substance/procedure dichotomy.

In a footnote to the statement that because damages are substance the law of the place of wrong should govern, the New Jersey Supreme Court observed that the answer might be different "when the foreign event concerns only citizens of the forum or citizens of states other than the state of injury." *Busik, supra,* 307 A.2d at 580 n. 7, *citing Pfau v. Trent Aluminum Co.,* N.J.Supr., 55 N.J. 511, 263 A.2d 129 (1970). This comment merely recognized that New Jersey had abandoned the old lex loci delicti rule for determining choice of law in tort cases and had adopted the governmental interests or most significant relationship approach advocated by § 145 of The Restatement (Second) of Conflict of Law (1971). Interestingly, in the circumstances here—where none of the parties have a connection to New Jersey other than the accident and thus no New Jersey governmental interests are clearly implicated—New Jersey conflicts law might, under *Pfau, supra,* suggest that Delaware principles regarding prejudgment interest should govern an award of damages to a Delaware plaintiff in an action brought in a Delaware court against a Delaware corporation.

But Delaware's substantive law does not apply to this case. As the parties acknowledge, Delaware favors the lex loci delicti rule. *Tew, supra.* Accordingly, if prejudgment interest presents an issue of substance rather than procedure, Delaware conflicts law instructs this Court to look to New Jersey's *substantive* law regarding prejudgment interest.[3]

■ The recovery of prejudgment interest in Delaware is a matter of substantive law. *Tisch Family Foundation, Inc. v. Texas National Petroleum Co.,* D.Del., 336 F.Supp. 441 (1972). Indeed, the majority view, as the New Jersey Supreme Court itself recognized in *Busik, supra,* is that

prejudgment interest, like the issue of damages, is substantive, and the state whose laws govern the substantive legal questions also govern the question of prejudgment interest. *See, e.g., Rose Hall, Ltd. v. Chase Manhattan Overseas Banking Corp.,* D.Del., 566 F.Supp. 1558 (1983); *Marine Midland Bank v. Kilbane,* D.Md., 573 F.Supp. 469 (1983) aff'd. 4th Cir., 739 F.2d 958 (1984); 68 A.L.R.2d 1337, Conflict Of Laws As To Interest Recoverable As Part Of Damages And Tort Action (collecting cases). Indeed, the *Busik* court did not indicate that New Jersey's law was otherwise and implied that New Jersey would probably follow the same rule. No subsequent cases of which this Court is aware indicate a change of view.

This Court's conclusion is similarly embodied in The Restatement (Second), Conflict of Laws. Section 171 of The Restatement indicates that the substantive law selected by choice of law principles also determines the amount of damages. Comment c to § 171 explicitly identifies prejudgment interest as an element of damages:

"INTEREST: The law selected by the application of the rule of § 145 [i.e., the section setting forth the general principles which govern determination of applicable substantive law] determines whether the plaintiff can receive interest and, if so, at what rate for a period prior to the rendition of judgment as part of the damages for a tort." Id. § 171, Comment c.

In short, this Court, under Delaware's settled conflict of laws principles, concludes that New Jersey substantive law governs whether the plaintiffs are entitled to prejudgment interest and, if so, the amount. As earlier mentioned, New Jersey law with regard to prejudgment interest is

3. In so doing, however, this Court does not look to New Jersey's conflict of laws rules which, if they applied here, might cause this Court to look back again from New Jersey law to Delaware law, thus resulting in an application of the doctrine of renvoi. For reasons set forth at

length in The Restatement, application of that doctrine is disfavored except under special exceptions which do not apply here. *See* Restatement (Second) of Conflict of Laws §§ 7, 8 (1971) and Comments (g), (h) and (j) to § 8 thereof.

set forth in New Jersey Civil Practice Rule 4:42–11(b) which provides:

> "(b) Tort Actions. Except where provided by statute with respect to a public entity or employee, and except as otherwise provided by law, the Court shall, in tort actions, including products liability actions, include in the judgment simple interest at 12% per annum on the amount of the award from the date of the institution of the action or from a date 6 months after the date the cause of action arises, whichever is later, provided that in exceptional cases the court may suspend the running of such prejudgment interest. The contingent fee of an attorney shall not be computed on the interest so included in the judgment."

Pursuant to New Jersey Rule 4:42–11(b), and in the absence of any "exceptional" circumstances in this case known to this Court, prejudgment interest will be awarded to the plaintiffs at the rate of 12% per annum from the date of the institution of the action or from a date 6 months after the date that cause of action arose, whichever was later.

Counsel should submit an appropriate order.