■ DOROTHY M. COLEMAN, as Administratrix of the Estate of BILLIE S. COLEMAN, Deceased, Respondent, v. CITY OF NEW YORK, Appellant, et al., Defendant.— In an action to recover damages for wrongful death and for conscious pain and suffering, the appeal is from a judgment entered on a jury verdict in favor of respondent and against appellant. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ.

■ ALBERT G. GLASS, Appellant, v. COUNTY OF SUFFOLK, Respondent.— In an action for specific performance of an alleged agreement for the purchase and sale of certain real property, or for other relief, the purchaser appeals from an order denying his motion for summary judgment striking out the answer (Rules Civ. Prac., rule 113). Order affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.

■ FLORENCE GROFSICK, Respondent, v. MARIE BABBITT, Defendant, and SADIE DE ANGELIS et al., Appellants.— In an action to recover damages for conspiracy and fraud, and to impress a trust upon real property, the appeal is from so much of an order as conditions the granting of appellants' motion to dismiss the second amended complaint for lack of prosecution (Rules Civ. Prac., rule 156) upon respondent's failure to notice the action for trial for a stated term. Order insofar as appealed from affirmed, without costs. No opinion. Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur.

■ DOROTHY A. HUOT, as Administratrix of the Estate of RAYMOND HUOT, Deceased, Appellant, v. DOROTHY DWORMAN et al., Respondents.— In an action to recover damages for wrongful death and for conscious pain and suffering arising out of an automobile collision in the State of Florida, plaintiff appeals (1) on the ground of inadequacy, from a judgment, as amended, entered after trial before an Official Referee for $42,000, and (2) from so much of an order as granted defendants' motion to amend the judgment entered October 25, 1957 by striking therefrom interest of $9,519.88, added on the award for wrongful death from the date of death to the date of entry of the judgment. Judgment as amended and order, insofar as appealed from, unanimously affirmed, with one bill of costs. Upon the record presented, we are unable to find that the award of damages was inadequate. Interest should not have been added by the clerk under section 132 of the Decedent Estate Law, which has no application to a cause of action arising in Florida, and the error was properly corrected on defendants' motion. (Cf. *Kiefer* v. *Grand Trunk Ry. Co.*, 12 App. Div. 28, affd. 153 N. Y. 688; *Murmann* v. *New York, New Haven & Hartford R. R. Co.*, 258 N. Y. 447; *Frasier* v. *Public Serv. Interstate Transp. Co.*, 254 F. 2d 132.) Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ. [13 Misc 2d 104.]

■ In the Matter of ERNEST GIOVELLI, JR., Petitioner, against CHARLES L. PATTERSON et al., Constituting the New York City Transit Authority, Respondents.— Proceeding to review a determination of the New York City Transit Authority dismissing petitioner from his position as foreman, transferred to this court pursuant to section 1296 of the Civil Practice Act. Determination unanimously confirmed, without costs. No opinion. Present — Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ.