Froessel, J.
Plaintiff in this action, upon a jury determination in his favor, recovered damages sustained as the result of a fire in his decedent’s building. The trial court, upon motion of counsel after rendition by the jury of their verdict (and absent a prior request that the matter be submitted to the jury), added to the amount awarded interest from the date of the fire, as a matter of right.
Two issues are presented on this appeal: The first relates to the merits, defendant contending that there was no negligence here with which it could be charged, and in that connection *257 challenges the court’s failure to charge several requests. The second issue concerns the propriety of the allowance of interest.
On the merits, we find no error here, and have no alternative hut to sustain the verdict and its unanimous adoption by the courts below. Our disposition of the second question presented, however, as to the propriety of awarding interest, is otherwise. We are of the opinion that the power to allow interest in this case lay exclusively within the discretion of the jury, and, in consequence, it was error for the court to make such an award as a matter of right.
■ In Flamm v. Noble (296 N. Y. 262) we were called upon to decide whether interest was allowable as of right upon a verdict in an action for fraud and duress. Chief Judge Loughrah, holding that it was, reviewed the law pertaining to allowance' of interest. Actions in contract, whether for a liquidated or unliquidated amount, were controlled by section 480 of the Civil Practice Act. Interest was there allowable as of right. In tort actions, the following principles then prevailed: “interest is recoverable of right in actions for trespass and conversion, whereas in actions for injuries done to property through negligence the allowance of interest is left to the discretion of the jury. (See Wilson v. City of Troy, 135 N. Y. 96 * * * ).” (296 N. Y., supra, p. 268.) The Wilson case (135 N. Y. 96) squarely held that the award of interest in a negligence action was for the jury to determine.
In both Wilson and Flamm, the prevailing distinction between willful and nonwillful torts was criticized. As Chief Judge Loughrau stated in Flamm (296 N. Y., supra, p. 268), “ Such a distinction is manifestly unsound, because interest is essential to complete indemnity in both classes of cases. ’ ’ He was quick to note, however, immediately after the foregoing criticism {Ibid.): “ But no decision of this court makes the recovery of interest a matter of discretion where, as here, damages are demanded for a money loss caused by fraud and duress. More than that, Reno v. Bull (226 N. Y. 546) —an action for fraud—is authority the other way.”
As the matter therefore stood at the time of Flamm {supra), interest was recoverable as of right in tort actions for conversion, trespass, fraud and duress. In actions involving negligent *258 damage to property, the cases held that the power to make such an award was reposed exclusively in the jury or the trier of the facts (in addition to Wilson and Flamm, see, e.g., Walrath v. Redfield, 18 N. Y. 457, 462; Parrott v. Knickerbocker Ice Co., 46 N. Y. 361, 369; see, also, Mairs v. Manhattan Real Estate Assn., 89 N. Y. 498, 507; Moore v. New York Elevated R. R. Co., 126 N. Y. 671, 673); and, although we twice characterized this distinction as unsound, we did not declare the law otherwise.
Notwithstanding this criticism, by way of dictum in both Wilson and Flamm (supra), of the rule as applied in negligence actions, no corrective action has been taken by the Legislature. Their awareness of the law pertaining to allowance of interest, and inclination to effect a change where, in their judgment, it would serve a salutary purpose, is evidenced by the amendment in 1927 (L. 1927, ch. 623) of section 480 of the Civil Practice Act. That section superseded our decision in Faber v. City of New York (222 N. Y. 255) which dealt with a nonliquidated contract claim. So, too, the Legislature has provided for interest on awards in wrongful death actions from the date of decedent’s death by express provision of section 132 of the Decedent Estate Law.
In our opinion, any change in the rules governing allowance of interest in negligence actions, as here, must similarly await legislative action. The established line of Court of Appeals authority in this area — which, in fact, though criticizing the rule twice, at the same time preserved it — clearly compels this conclusion.
Plaintiff contends that the ‘1 courts of this state have consistently followed the rule suggested by this court in Flamm ’ ’. But this is not so. The two Court of Appeals cases cited by plaintiff were decided before Flamm, viz., Sciaky v. Rogers & Hagerty (277 N. Y. 483) and Weprin & Glass Bldg. Corp. v. Rosoff Subway Constr. Co. (269 N. Y. 672). In the Weprin case, however, our decision was based upon defendant’s contract with the city, and we held that under such contract its liability was absolute, and was more than a covenant of indemnity; that the case, therefore, fell within the provisions of section 480 of the Civil Practice Act. In Sciaky, which appears to have involved a situation similar to that in Weprin, we allowed interest from the time of damage, but solely on the authority *259 the Weprin case. The lower court cases cited by plaintiff were clearly and succinctly distinguished in the dissenting opinion below..
In terms of policy consideration, moreover, the implications of a projected change by us in this area of the law are quite serious. Were interest declared to be allowable as of right in this case, we would be constrained to extend the benefits of such rule to plaintiffs in actions for personal injuries — especially where claims for lost wages and medical and hospital expenses (actual out-of-pocket losses and expenditures) are involved. Compulsory addition of interest to such awards to cover periods of six to eight years or more, which it often takes for final judgment to be reached, would serve to inflate these verdicts far beyond their already high levels. If the principle of full indemnity is invoked, such awards should logically bear interest from the occurrence of the act complained of, for negligence is negligence, whether causing injury to person or property. Such drastic changes in the law should be legislatively, and not judicially, effected.
It should be stressed, of course, that by preserving the law in its present posture the principles of justice and fairness are not offended, for those whose property is destroyed or damaged by the negligent conduct of others may still recover interest. The jury, however, must award it to them and, if plaintiff had asked for it here, he might well have received it.
Accordingly, the judgment appealed from should be modified by disallowing any interest upon the verdict of the jury, and in all other respects affirmed, without costs.