See also, 21 F.R.D. 330.

**Josephine A. ST. CLAIR, as Executrix of the Estate of Harold W. St. Clair, Deceased, Plaintiff,**

v.

**EASTERN AIR LINES, INC., Defendant.**

United States District Court
S. D. New York.

May 17, 1961.

Powers, Kaplan & Berger, New York City, David A. Ticktin, New York City, of counsel, for plaintiff.

Bigham, Englar, Jones & Houston, New York City, John G. Reilly, New York City, of counsel, for defendant.

EDWARD WEINFELD, District Judge.

The plaintiff executrix, a New York citizen, recovered a judgment against the defendant by reason of the death of her husband in an airplane crash which occurred over the District of Columbia. Jurisdiction in this Court rested upon diversity of citizenship, and under Erie R. R. Co. v. Tompkins [1] and Klaxon Co. v. Stentor Elec. Mfg. Co.,[2] the New York conflict of laws rules applied. Accordingly, the right of the plaintiff to recover damages was governed by the Wrongful Death Act of the District of Columbia.[3]

The plaintiff now moves to amend the judgment by including interest thereon from the date of decedent's death to the date of entry of judgment. The District of Columbia Wrongful Death Act contains no provision for interest in such action. However, section 132 of the Decedent's Estate Law of New York State specifically requires that the judgment upon entry shall include interest from the

---

1. 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

2. 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L. Ed. 1477.

3. D.C.Code, §§ 16–1201 to 16–1203. See St. Clair v. Eastern Air Lines, Inc., 2 Cir., 279 F.2d 119, certiorari denied 1960, 364 U.S. 882, 81 S.Ct. 171, 5 L.Ed.2d 104.

date of decedent's death. Plaintiff relies upon this section as reflecting the public policy of New York State and urges that the addition of interest is procedural and hence should be allowed.

However, the courts of New York have consistently held that section 132 is inapplicable in wrongful death actions where the substantive right of recovery is based upon the laws of a foreign state.[4] Plaintiff's reliance upon the recently decided case of Kilberg v. Northeast Airlines, Inc.[5] is equally misplaced. In that case the New York State Court of Appeals, in a sweeping dictum, ruled that in an action brought to recover damages resulting from the death of one of its citizens, which occurred in Massachusetts and thus was governed by the Massachusetts Wrongful Death Act, M.G.L.A. c. 229 § 1 et seq., which limited damages to $15,000, the limitation offended the strong public policy of New York State as expressed in its constitution, which prohibits the imposition of any statutory limitation of damages in a death action.[6] The opinion makes no reference to, and does not consider, the question of interest upon the entry of judgment, and the case has no bearing on the issue here presented.

The constitution of New York State contains no provision reflecting any policy with respect to the allowance of interest in death actions or in any other type of action. Indeed it has been recognized that the allowance of interest in a particular type of cause of action is a matter of discretionary legislative policy.[7] Obviously such a policy is not applicable to a cause of action where the right of recovery is granted and governed by the laws of another state.

The motion is denied.

4. Huot v. Dworman, 2d Dep't 1959, 8 A.D.2d 829, 190 N.Y.S.2d 202 (mem.); Kiefer v. Grand Trunk Ry., 4th Dep't 1896, 12 App.Div. 28, 42 N.Y.S. 171, affirmed on opinion below 1897, 153 N.Y. 688, 48 N.E. 1105. See Frasier v. Public Service Interstate Transp. Co., 2 Cir., 1958, 254 F.2d 132. Cf. Murmann v. New York, N. H. & H. R. R., 1932, 258 N.Y. 447, 180 N.E. 114 (per curiam).

5. 1961, 9 N.Y.2d 34, 211 N.Y.S.2d 133, 172 N.E.2d 526.

6. N.Y.Const. art. I, § 16, provides:
   "[Damages for injuries causing death.] The right of action now existing to recover damages for injuries resulting in death, shall never be abrogated; and the amount recoverable shall not be subject to any statutory limitation."

7. Purcell v. Long Island Daily Press Pub. Co., 1961, 9 N.Y.2d 255, 213 N.Y.S.2d 425, 173 N.E.2d 865.