See also 180 F.Supp. 97, 199 F.Supp. 538, 539.

---

**Marilyn W. PEARSON, as Administratrix of the Goods, Chattels and Credits of John S. Pearson, deceased, and Marilyn W. Pearson, Plaintiff,**

v.

**NORTHEAST AIRLINES, INC., Defendant.**

United States District Court
S. D. New York.

Dec. 15, 1961.

Frank G. Sterritte, New York City, for plaintiff.

Haight, Gardner, Poor & Havens, New York City, William J. Junkerman, New York City, of counsel, for defendant.

McGOHEY, District Judge.

This diversity suit, brought pursuant to the Wrongful Death Statute of Massachusetts,[1] was tried to a jury which on November 16, 1961, rendered a verdict in the sum of $133,943.77 in favor of the plaintiff on her claim for damages for her husband's death. Judgment was thereafter entered for that amount plus $26,106.88, pre-judgment interest from August 15, 1958, the date of death.

The defendant has moved "(1) for an order setting aside the verdict of the jury in the above-entitled action and providing for the entry of judgment in favor of the plaintiff in the sum of

1. Mass.Gen.Laws ch. 229 § 2.

$15,000 in accordance with defendant's motion for a directed verdict at the close of the plaintiff's case and at the close of all of the testimony upon the ground that on the facts and the law in this case, the sum of $15,000 is the maximum to which plaintiff is entitled; and in the alternative (2) for an order granting a new trial upon the ground that the verdict is contrary to law, contrary to the evidence, and is excessive; (3) for an order striking out the interest on the verdict added by the clerk of the court covering the period from August 15, 1958, to November 16, 1961; and (4) for such other and further relief as to the court may seem just and proper."

The motion is in all respects denied.

■ During the trial, this court, following the dictum of the New York Court of Appeals in Kilberg v. Northeast Airlines, Inc.,[2] ruled (a) that the plaintiff was not limited to a maximum recovery of $15,000 as prescribed in the Massachusetts statute; and (b) that damages were not to be measured by "the degree of culpability of the defendant," as prescribed in that statute, but by the plaintiff's pecuniary loss resulting from her husband's death, as prescribed in New York's Decedent Estate Law, McKinney's Consol.Laws, c. 13, § 132. This court's reasons for these rulings are set forth in its opinion filed on November 14, 1961.[3]

■ In Kilberg, the New York Court of Appeals did not, it is true, discuss the question of pre-judgment interest. However, in light of what that court did say in that case, it seems altogether likely that, if that question had been considered, the New York Court would have ruled that, in accordance with New York's policy as expressed in section 132 of the Decedent Estate Law, pre-judgment interest on the amount of any ver-

dict in Kilberg's favor would have to be included in the judgment entered thereon. Accordingly, in the instant case the clerk was directed by this court to include in the judgment pre-judgment interest on the amount of the verdict.

The defendant relies on three cases in support of its contention that this court's direction to add pre-judgment interest was unauthorized: Wyman v. Pan American Airways,[4] Maynard v. Eastern Air Lines,[5] and St. Clair v. Eastern Air Lines.[6] The first two of these cases are inapplicable here. They were decided respectively in 1943 and 1949, long before the decision in Kilberg. The third case cited was a wrongful death action brought pursuant to the District of Columbia Wrongful Death Act,[7] which does not provide for the award of pre-judgment interest. The plaintiff there, relying on the Kilberg dictum, moved, after entry of judgment, for amendment thereof to add pre-judgment interest in accordance with section 132 of New York's Decedent Estate Law. The judge who heard the motion denied it. In a short opinion, after noting that in Kilberg the Court of Appeals did not refer to or consider the question of pre-judgment interest, he held the Kilberg dictum "has no bearing" on the issue raised by the motion before him. [194 F.Supp. 624.]

The District of Columbia statute, unlike the Massachusetts statute, does not set a ceiling on the amount of damages which may be recovered for wrongful death. Neither does it provide that damages are to be measured by "the degree of culpability of the defendant." On the contrary, the damage provisions of the District of Columbia statute are substantially the same as New York's except that the former do not require the award of pre-judgment interest on the jury's

2. 9 N.Y.2d 34, 211 N.Y.S.2d 133, 172 N.E. 2d 526.

3. 199 F.Supp. 539.

4. 181 Misc. 963, 43 N.Y.S.2d 420, aff'd (no opinion) 267 App.Div. 947, 48 N.Y.S. 2d 459, aff'd (no opinion) 293 N.Y. 878,

59 N.E.2d 785; cert. denied 324 U.S. 882, 65 S.Ct. 1029, 89 L.Ed. 1432.

5. 2 Cir., 178 F.2d 139, 13 A.L.R.2d 646.

6. D.C.S.D.N.Y., 194 F.Supp. 623.

7. D.C.Code §§ 16–1201 to 16–1203.

verdict. Whether, because of this, New York's highest court would consider the damage provisions of the District of Columbia statute so contrary to New York's policy as to justify New York's courts in refusing to enforce them, need not be decided here. It is sufficient to note the significant differences between the statutes of the District of Columbia and Massachusetts. In view of that difference, the decision in St. Clair v. Eastern Air Lines, supra, does not seem to me to require denial of pre-judgment interest here.

So ordered.