■ JOHN MORRIS, Respondent, v. NEW YORK CENTRAL RAILROAD, Appellant. — Judgment unanimously modified on the law and facts by reducing the amount thereof to $1,090.30 and as so modified affirmed, without costs of this appeal to either party. Memorandum: On March 4, 1963 after a trial without a jury the court directed judgment in favor of plaintiff for damages to his automobile caused by defendant's negligence. After this decision had been rendered the court, upon motion by plaintiff, awarded interest from the date of the accident. Before the Civil Practice Law and Rules abolished the distinction between property damage actions in which interest was granted as of right and those in which it was granted in the discretion of the trier of the facts, allowance of interest for damage to property negligently inflicted was discretionary. (*Purcell* v. *Long Is. Daily Press Pub. Co.*, 9 N Y 2d 255; CPLR 5001, subd. [a].) Although, in the former instance, it was not necessary to make a demand for interest in the complaint or before the court rendered its decision (*Flamm* v. *Noble*, 296 N. Y. 262), there was no authority for an award of interest without such a demand where the allowance was discretionary. (See, generally, *De Long Corp.* v. *Morrison-Knudsen Co.*, 20 A D 2d 104.) Furthermore, this action was commenced by the service of a summons alone more than two and a half years after the accident. The complaint served one year and four months later gave no indication that plaintiff would seek interest. The dispute between the parties involved only $350, the difference between the damages estimated by each side. Upon these facts it was an improvident exercise of discretion to amend the original decision by awarding $440 interest, an amount which more than equaled the sum in dispute. While plaintiff's right to such interest would be clear under the present statutory provision (CPLR 5001, subd. [a]), we conclude in the exercise of discretion that the issue should be decided under statutory and decisional law existing at the time of the trial. (CPLR 10003.) (Appeal from a judgment of Monroe Trial Term in favor of plaintiff in a negligence action.) Present — Bastow, J. P., Goldman, Henry, Noonan and Del Vecchio, JJ.

■ In the Matter of JONAS P. RELIN, an Attorney.— Order of reinstatement entered.