TEMPLE BETH SHOLOM OF SMITHTOWN, N. Y., Appellant-Respondent, v. E. M. FITZSIMONS AND ASSOCIATES, INC., Respondent-Appellant.— In an action to recover damages for breach of warranty in which a judgment of the Supreme Court, Suffolk County, was initially entered October 17, 1972 in favor of plaintiff, upon a $3,300 jury verdict, the parties cross-appeal as follows: (a) plaintiff appeals from (1) an order of the Supreme Court, Suffolk County, entered January 16, 1973, which granted in part defendant's motion to disallow the costs, disbursements and interest claimed by plaintiff, vacated said judgment and provided for entry of a new judgment, and (2) from so much of a judgment of the same court, entered February 8, 1973 upon said order, as accordingly limited the award of interest, costs and disbursements; and (b) defendant cross-appeals from the judgment entered February 8, 1973. Order

modified, on the law, by striking from its second decretal paragraph everything after "17th day of October, 1972" (i.e., all the provisions with respect to interest and certain disbursements) and by substituting therefor the following: "plus interest thereon from March 6, 1968 to the date of the entry of judgment and a full bill of costs and disbursements to be taxed by the County Clerk". As so modified, order affirmed. Judgment entered February 8, 1973 modified, on the law, by striking from its decretal paragraph everything after the figure "$3,300" and substituting therefor a provision awarding the appropriate amounts of interest, costs and disbursements in accordance with the determination made herein on the appeal from the order. As so modified, judgment affirmed and case remitted to the trial court for entry of an amended judgment in accordance with the views expressed herein. A single bill of $20 costs and disbursements to cover all the appeals is awarded to plaintiff. CPLR 5001 (subd. [b]) provides that in a contract action, such as the one at bar, "Interest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred." In the case at bar the alleged breach of warranty was the cracking and peeling of a "Marbelite" wall surface which had been applied by defendant to the walls of a building owned by plaintiff. On the limited record before us it is impossible to ascertain with any accuracy the date upon which the damage first occurred. Since that date would be a matter of conjecture, interest should be awarded from the date the action was commenced, namely, March 6, 1968, at which time damage must certainly have been present (cf. *Aronowsky* v. *Goldberger-Raabin Co.*, 250 App. Div. 731). In our opinion the denial of full costs and disbursements to plaintiff was an improvident exercise of discretion. Furthermore, the contested items of disbursements were properly claimed by plaintiff either as Sheriff's fees (CPLR 8301, subd. [a], par. 8) or as reasonable and necessary expenses taxable according to the course and practice of the court (CPLR 8301, subd. [a], par. 12). Rabin, P. J., Munder, Latham, Shapiro and Gulotta, JJ., concur.