7 DOYER STREET REALTY CORPORATION, Respondent, v. GREAT CATHAY DEVELOPMENT CORPORATION, Appellant, et al., Defendants.

First Department, February 25, 1974.

*Harris Birnbaum,* attorney (*Richard S. Birnbaum* with him on the brief), for appellant.

*William I. Weiss* for respondent.

LANE, J.    The Great Cathay Development Corporation (Cathay) was about to purchase a building in Chatham Square. In 1968, 7 Doyer Street Realty Corp. (Doyer), in anticipation of its prospective tenancy in that building, entered into a lease agreement with Cathay and in accordance with the lease provisions deposited $28,500 with Cathay.

Clause 49 of the lease specifically provided that, in the event Cathay did not purchase the building, the deposit made was to be returned to Doyer with neither party having any further right against or obligation to the other.

On March 2, 1970, Cathay informed Doyer that it had not taken title and tendered the $28,500 conditioned upon Doyer's signing general releases.

The lease did not provide for the signing of releases, and Doyer therefore rejected this purported tender.   Doyer instituted an action for specific performance of the agreement.   The complaint in this first action was ultimately dismissed by this court (39 A D 2d 896).

Doyer then sued for the return of the $28,500.   Cathay counterclaimed for attorney's fees incurred in opposing the lawsuits brought by Doyer.   Special Term granted Doyer summary judgment and dismissed the counterclaim.   Interest on the money was allowed at the rate of 5% from the date it was deposited with Cathay plus additional interest at the prevailing banking rates.

We, too, find that Doyer was entitled to summary judgment. It must be noted at this point that the amount of $23,500 has already been paid to Doyer, but that $5,000 has not yet been paid.   This payment was made pursuant to stipulation and without prejudice to the rights of either party on appeal.   As to this latter $5,000, interest continues to run until payment thereof.

We further conclude that the counterclaim by Cathay for attorney's fees pursuant to the lease provisions is without merit. The clause providing for attorney's fees is specifically referable to breaches by the tenant after its occupancy of the premises.

However, the interest as allowed in the judgment was not properly computed.

Under the terms of the lease, plaintiff was not entitled to interest from the date the money was first deposited with Cathay. As mentioned initially, clause 49 specifically provided for the return of the money deposited sans interest or obligations in the event the sale of the building to Cathay was not consummated. This clause is controlling.

Reliance on clause 37A of the lease to provide for additional interest at the rate of 5% is unfounded. That clause allowed the tenant interest at the rate of 5% on its deposit from the date of that deposit if a temporary or permanent certificate of occupancy was not issued on or before September 30, 1970. However, clause 37A became inoperative when the lease was effectively canceled in March of 1970. Doyer was therefore not entitled to the straight 5% interest on its deposit.

Furthermore, the additional interest as computed in the judgment, based on prevailing banking rates, was improperly computed.

Interest should begin to run from March 2, 1970, the date of the ineffective tender (CPLR 5001, subd. [b]).

The rate of interest is determined by statute. CPLR 5004 establishes the interest rate at 6% and this rate is applicable to CPLR 5001, 5002 and 5003. However, CPLR 5004 became effective on September 1, 1972 and therefore any interest due prior to that date should be computed under the old method, i.e., pursuant to section 5-501 of the General Obligations Law and section 14-a of the Banking Law (*Rachlin & Co.* v. *Tra-Mar, Inc.,* 33 A D 2d 370).

Accordingly, the order and judgment should be modified on the law to the extent of providing that plaintiff recover interest on $28,500 from March 2, 1970, to be paid at the rate of 7½% until September 1, 1972, and thereafter at 6% until the date of payment of the judgment, and otherwise affirmed without costs or disbursements.

KUPFERMAN, J. P., MURPHY, TILZER and CAPOZZOLI, JJ., concur.

Order and judgment, Supreme Court, New York County, entered on July 6 and July 17, 1973, respectively, unanimously modified, on the law, to the extent of providing that plaintiff recover interest on $28,500 from March 2, 1970, to be paid at the rate of 7½% until September 1, 1972, and thereafter at 6% until the date of payment of the judgment, and otherwise affirmed, without costs and without disbursements.

Settle order on notice.