MARX & CO., INC., et al., Plaintiffs,

v.

The DINERS' CLUB, INC., et al.,
Defendants,

v.

William D. FUGAZY and Louis V.
Fugazy, Third-Party Defendants,

William D. FUGAZY and Louis V.
Fugazy, Plaintiffs,

v.

The DINERS' CLUB, INC., et al.,
Defendants,

Marx & Co., Inc., et al., Additional De-
fendants on the Counterclaims.

Nos. 70 Civ. 3064, 72 Civ. 4324.

United States District Court,
S. D. New York.

Dec. 17, 1975.

**2**

Harris, Fredericks & Korobkin, and Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for plaintiffs; Barry I. Fredericks, James E. Tolan, New York City, of counsel.

Hardee, Barovick, Konecky & Braun, New York City, for defendants; Joseph J. Santora, Robert B. Kay, Robert B. McKay, New York City, of counsel.

ROBERT J. WARD, District Judge.

Plaintiffs Otto Marx, Jr., John V. Summerlin, Jr., William D. Fugazy and Louis V. Fugazy move for an order, pursuant to Rule 58, Fed.R.Civ.P. and N.Y.C.P.L.R. §§ 5001, 5004 (McKinney 1963 and Supp.1975), setting the date from which interest shall be computed on the verdict rendered in their favor by the jury on May 28, 1975. Defendants oppose the motion and ask the Court to tax plaintiffs with the costs of this litigation.

The facts were fully set forth in this Court's opinion reported at 400 F.Supp. 581 (S.D.N.Y.1975) and only those facts which are necessary to the determination of this motion are repeated here. Plaintiffs commenced these two actions in 1970 and 1972 alleging, in each com-

plaint, two violations of § 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)), and Rule 10b–5 promulgated thereunder. Additionally, the complaints asserted pendent state claims for breach of a contract to register shares of unregistered Diners' Club, Inc. ("Diners'") stock held by plaintiffs. The jurisdiction of this Court was invoked pursuant to § 27 of the Securities Exchange Act of 1934 (15 U.S.C. § 78aa). At trial, one of the two securities claims was dismissed by the Court and the jury found for defendants on the second. However, plaintiffs recovered on the pendent state law breach of contract claims.

Plaintiffs now seek to have the date from which pre-verdict interest shall accrue set by the Court. They argue that under state law they are entitled to pre-verdict interest computed from the earliest ascertainable date their contract causes of action existed as a matter of right.

■ Defendants argue that state law does not apply in actions where jurisdiction is founded upon a federal ground. Their argument is premised on the assertion that the doctrine of *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) requires the application of state law only in cases within the diversity jurisdiction of the federal courts. This contention cannot be sustained. Whether state law is to be applied depends upon the nature of the issue before the federal court and not the basis for its jurisdiction. *Maternally Yours, Inc. v. Your Maternity Shop, Inc.*, 234 F.2d 538, 540 n. 1 (2d Cir. 1956); 1A J. Moore, Federal Practice ¶ .305[3] (1974). As the court in *Erie* stated:

"Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state." 304 U.S. at 78, 58 S.Ct. at 822.

Thus, it is the source of the right sued upon which is determinative of whether state law should be applied. *Maternally Yours, Inc. v. Your Maternity Shop, Inc., supra.* In *Mintz v. Allen*, 254 F. Supp. 1012 (S.D.N.Y.1966), the court was presented with a contention similar to that urged by the defendants. The court held that state law should be applied to pendent state law claims in a shareholders' derivative action where jurisdiction was predicated upon the Investment Company Act of 1940.

■ In the instant actions, the contract claims arise solely under state law. The claims were submitted to the jury as controlled by state law. Indeed, even defendants in their post-trial motions treated the contract claims as controlled by state law. Accordingly, the Court holds that state law applies to the question of pre-verdict interest on the pendent contract claims under *Erie* as it would had the claims arisen pursuant to the Court's diversity jurisdiction. *Julien J. Studley, Inc. v. Gulf Oil Corp.*, 425 F.2d 947 (2d Cir. 1969); *St. Clair v. Eastern Airlines, Inc.*, 302 F.2d 477 (2d Cir. 1962); *Earnest v. Donald Deskey Associates, Inc.*, 312 F.Supp. 1312 (S.D.N.Y.1970).

■ Under New York law, the successful plaintiff in an action for breach of contract is entitled as of right to interest computed from the earliest ascertainable date the cause of action existed. N.Y.C.P.L.R. § 5001; 5 Weinstein, Korn, Miller, New York Civil Practice ¶¶ 5001.04, .10 (1974). The statute provides for submitting to the jury the question of the date from which interest shall be calculated and, if the jury is discharged without specifying the date, the court shall fix the date. N.Y. C.P.L.R. § 5001(c). Plaintiffs contend that the earliest date the causes of action existed was September 1, 1969. Defendants contend the earliest ascertainable date the causes of action can be said to exist is the commencement of the trial in May, 1975.

■ In fixing the date under § 5001 (c), the Court must determine what dam-

4

ages the jury's award represented. *Julien J. Studley, Inc. v. Gulf Oil Corp.,* *supra; Earnest v. Donald Deskey Associates, Inc., supra.* In effect, the Court must ascertain the earliest date the damages were sustained based upon the jury's award. *See Temple Beth Sholom v. E. M. Fitzsimmons and Associates, Inc.,* 42 A.D.2d 739, 345 N.Y.S. 2d 680 (2d Dep't 1973). When it is impossible to ascertain the earliest date represented by the jury's award, pre-verdict interest is computed from the commencement of the action. *See, e. g., Earnest v. Donald Deskey Associates, Inc., supra; Temple Beth Sholom v. E. M. Fitzsimmons and Associates, Inc., supra.* Consequently, the latest possible dates from which interest should be computed are 1970 and 1972, respectively. Defendants argument that interest should be computed from the commencement of the trial must, therefore, be rejected.

■ However, the jury's award in the instant case clearly represents damages sustained prior to the commencement of these actions. Throughout the trial plaintiffs contended that had Diners' not breached its agreement to register their stock, the stock, would have been effectively registered by late August, 1969. Defendants vehemently disputed this contention. The jury found for plaintiffs and awarded damages representing the difference between what plaintiffs received for their stock and what they would have been able to receive had the stock been registered by August, 1969. Accordingly, the earliest ascertainable date plaintiffs' contract causes of action existed is September 2, 1969. Indeed, defendants' argument to the contrary represents an attempt to relitigate the question determined adversely to them by the jury and by this Court on their motion for a new trial or remittitur.

■ The next question is the rate at which interest should be computed. N. Y.C.P.L.R. § 5004, which became effective September 1, 1972, prescribes the rate of interest as 6%. Accordingly, interest for the period subsequent to September 1, 1972 shall be computed at 6%. The difficulty arises with respect to the applicable rate of interest between September, 1969 and September 1972. Plaintiffs contend that during this period interest should be calculated at 7½%. Defendants apparently do not dispute that this was the rate during that period. Nonetheless the Court has examined the available New York law and determined that § 5004 is not retro-active and that interest prior to September, 1972 should be computed at 7½%. *7 Doyer Street Realty Corp. v. Great Cathay Development Corp.,* 43 A.D.2d 476, 352 N.Y.S.2d 483 (1st Dep't 1974); *Rachlin & Co. v. Tra-Mar, Inc.,* 33 A.D. 2d 370, 308 N.Y.S.2d 153 (1st Dep't 1970); *Yamamoto v. Costello,* 73 Misc. 2d 592, 342 N.Y.S.2d 33 (Sup.Ct.1973); 5 Weinstein, Korn and Miller, ¶ 5004.01 (1974).

Accordingly, the Court holds that plaintiffs are entitled to interest on the jury's award computed from September 2, 1969 at the rate of 7½% up to and including August 31, 1972 and at 6% thereafter.

■ Finally, defendants seek to recover their costs pursuant to Rule 54 (d), Fed.R.Civ.P. Recognizing that ordinarily plaintiffs, who recover a judgment, would, also, recover their costs, defendants appeal to the Court's discretion to award them costs.

■ Under Rule 54(d), the court has discretion in awarding costs. *See Farmer v. Arabian American Oil Co.,* 379 U.S. 277, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964); *McDonnell v. American Leduc Petroleums, Ltd.,* 456 F.2d 1170 (2d Cir. 1972). The Court, in the exercise of its discretion, has determined that with the exception of defendants The Continental Corporation and The Continental Insurance Corporation ("the Continental companies"), each party should bear its own costs. The litigation was protracted, involving numerous claims and counterclaims. Except

for the Continental companies, no party was completely successful. In light of all the facts and circumstances, costs are awarded the Continental companies. Each of the other parties shall bear its own costs.

Settle judgment on notice.