■ BERNARD COHEN, Respondent, v BRATT & DOXEY SUPPLY Co., Appellant.—In an action to recover damages for breach of warranty, defendant appeals from a judgment of the Supreme Court, Rockland County, dated June 16, 1975, in favor of plaintiff, after a nonjury trial. Judgment affirmed, with costs. Plaintiff, through one Griffin, an experienced bricklayer and mason, ordered a large quantity of bricks from the defendant. Griffin was to construct two retaining walls, steps and walkways for the plaintiff. It was plaintiff's desire that the brick to be used match the color and texture of bricks utilized in the construction of his home. Accordingly, Griffin removed a brick from the plaintiff's home and showed it to defendant's salesman, advising him that he wanted a similar brick for the purpose of building retaining walls, walks and steps. There is no evidence that Griffin asked for the *identical* brick, or that he specified any particular *type* of brick. Nor is there any evidence that defendant's salesman knew Griffin to be a mason or that Griffin represented himself as such. A brick, similar in color and texture to the one taken from plaintiff's home, was selected and utilized in the construction of retaining walls, walkways and steps. Within one year,

many of the bricks so utilized had badly deteriorated. There was conflicting evidence as to the cause of this deterioration, but it appears either that (1) the type of brick utilized was unsuitable for use in walkways or (2) the particular shipment of brick from which the plaintiff's orders were drawn was defective. The trial court properly concluded that an implied warranty of fitness for a particular purpose attached to the sale of bricks to the plaintiff (see Uniform Commercial Code, § 2-315). The intended purpose for which the bricks were to be utilized was expressly made known to the defendant's salesman. Under the circumstances, it appears that the plaintiff, and his agent, Griffin, relied upon the judgment of the defendant's salesman in selecting a brick suitable for the stated purposes and that defendant's salesman had reason to know that there was such reliance. Clearly, the bricks sold to plaintiff were unsuitable for the use employed. There is no merit to defendant's contention that the warranty was excluded by usage of trade (cf. Uniform Commercial Code, § 2-316, subd [3], par [c]). While it may be the practice of construction material retailers not to question or assist contractors in their choice of building supply materials, there is no evidence that Griffin asked for any particular type of brick. On the contrary, he left the choice of type to the defendant's salesman, insisting only upon certain similarities of color and texture. It is clear that the bricks sold to the plaintiff were not fit for the uses to which they were put and that the plaintiff's loss was a proximate result of such unfitness. Accordingly, plaintiff was clearly entitled to consequential damages (see Uniform Commercial Code, § 2-715, subd [2], par [b]). The evidence adduced at trial supports the amount of the award to the plaintiff. Interest was properly granted from a date at which plaintiff's loss must certainly have been present (see CPLR 5001; *Temple Beth Sholom of Smithtown v Fitzsimons & Assoc.*, 42 AD2d 739). Martuscello, Acting P. J., Cohalan, Margett, Damiani and Rabin, JJ., concur.