■ BONNIE DALRYMPLE, an Infant, by Her Mother and Natural Guardian, DOROTHY MEE, et al., Respondents, v ED SHULTS CHEVROLET, INC., Appellant. (Appeal No. 1.)—Judgment unanimously modified in accordance with memorandum and, as modified, affirmed, with costs. Memorandum: Defendant appeals from a judgment after jury trial which awarded plaintiffs damages for the loss of their automobile and plaintiffs appeal from an order which denied them interest on the judgment. Plaintiffs purchased a used car from defendant in September, 1972. At trial, the jury found that at the time of the sale defendant's salesman promised to transfer plaintiffs' automobile insurance and obtain additional coverage on the policy to cover collision losses on the newly purchased car. (There was such insurance on a second car owned by Laverne Mee and his wife, but the car which the new purchase replaced did not have collision coverage.) One month later the car was totally destroyed in a one-car accident. It was then discovered that defendant's salesman had failed to obtain the collision insurance and plaintiffs were awarded damages of $1,500 for the failure. There was no duty on the part of the salesman to secure this insurance for plaintiffs. However, once he undertook to do so, he was obliged to use reasonable care to see that plaintiffs' property interests were insured in accordance with their requests (see Marks v Nambil Realty Co., 245 NY 256, 258; Siegel v Spear & Co., 234 NY 479; MacDonald v Carpenter & Pelton, 31 AD2d 952; and see Spiegel v Metropolitan Life Ins. Co., 6 NY2d 91). The trial presented factual issues of negligence and contributory negligence for the jury which it resolved in favor of plaintiffs. As defendant contends, the court incorrectly charged the jury that if plaintiffs asked the defendant's salesman to put collision insurance on the car and he failed to do so, defendant was guilty of negligence. Obviously, defendant could not be bound by plaintiffs' request to

obtain insurance. It was only answerable if its salesman promised to obtain collision coverage and then negligently failed to do so. The error was harmless, however, because the salesman admitted that he promised to do what plaintiffs had asked. The only dispute was what coverage they had requested him to acquire for the new car. The case was submitted to the jury solely on the theory of negligence and, therefore, the objection that certain conversations between the parties violated the parol evidence rule is without merit. Plaintiffs are entitled to interest for property damage (CPLR 5001, subd [a]; 5 Weinstein-Korn-Miller, NY Civ Prac, par 5001.05, pp 50-18, 50-19). (Appeal from judgment of Chautauqua County Court in action to recover damages for failure to insure.) Present—Marsh, P. J., Cardamone, Simons, Mahoney and Goldman, JJ.