DONATA A. DELULIO, Appellant, v 320-57 CORPORATION, Respondent.

First Department, February 28, 1984

APPEARANCES OF COUNSEL

*Jon F. Kaufman* of counsel (*Peter Levine* with him on the brief; *Jon M. Kaufman, P. C.,* attorney), for appellant.

*Leon Brickman* for respondent.

### OPINION OF THE COURT

FEIN, J.

Plaintiff suffered damage to her co-operative apartment shortly after she took possession in April, 1976. Her repeated demands of defendant to make necessary repairs since then have been met with intransigence and harassment. On several occasions she withheld her maintenance payments, which only provoked defendant to commence

nonpayment eviction action. Previous such actions were settled upon plaintiff's payment of the maintenance charges. The latest eviction proceeding was consolidated with plaintiff's action for damages for breach of warranty of habitability, breach of the lease and negligence. A nonjury trial resulted in a compensatory damage award of $7,500 plus a 5% abatement of monthly maintenance charges for the period August, 1976 through December, 1982, and a punitive damage award of $5,000 to be applied toward repair of the roof above plaintiff's apartment. As directed by the court, no provision was made in the judgment for prejudgment interest.

CPLR 5001 (subd [a]) provides that interest "shall" be recovered on monetary damages awarded for breach of contract or any act or omission affecting possession or enjoyment of property. This is now a statutory mandate (*Kooperman v Picoult,* 41 AD2d 980, 981, affd 34 NY2d 604), in derogation of common law (cf. *Purcell v Long Is. Daily Press Pub. Co.,* 9 NY2d 255, 259). Thus, absent reasons to the contrary, a prevailing plaintiff is entitled to such interest as of right (*Hillsley v State Bank,* 24 AD2d 28, 31). This is regardless of whether the recovery is for breach of contract (*Carpenter v Weichert,* 51 AD2d 817, 818, mot for lv to app den 39 NY2d 708) or for negligent injury to property (see *State Div. of Human Rights v New York State Dept. of Correctional Servs.,* 90 AD2d 51, 59; *Harmon & Regalia v City of New York,* 286 App Div 825). The statute further laid to rest any distinction between the right to prejudgment interest on recovery for negligent or intentional damage to property (*Buffalo Oil Term. v Kimmins & Sons,* 42 Misc 2d 499, affd 23 AD2d 970; cf. *De Long Corp. v Morrison-Knudsen Co.,* 14 NY2d 346, 348, affg 20 AD2d 104).

■ It follows that plaintiff is entitled to interest as of right whether this action and the award of damages be deemed either for defendant's breach of contract or lease, or for damage to or interference with plaintiff's enjoyment of her property.

■ However, plaintiff is not entitled to interest on the punitive damage award for any period prior to the date of the trial court's decision (Siegel, Practice Commentary,

McKinney's Cons Laws of NY, Book 7B, CPLR 5001, p 524). Punitive damages are intended only to impose punishment on a defendant. Interest on such damages prior to verdict or decision is unnecessary to assure full compensation to the injured party. (Legislative Studies and Reports, McKinney's Cons Laws of NY, Book 7B, CPLR 5001, p 527.)

Interest shall be computed on damages from the date the damages were incurred, and where such damages were incurred at various times, the interest can be computed upon all the damages "from a single reasonable intermediate date" (CPLR 5001, subd [b]). Where difficulty is encountered in fixing a single reasonable intermediate date, due to conjecture as to the precise date of commencement of the loss, the appropriate date from which to compute interest is the date of commencement of the damage action (*De Long Corp. v Morrison-Knudsen Co., supra; Temple Beth Sholom v Fitzsimons & Assoc.*, 42 AD2d 739, 740). Computation of this interest should be based on the fixed monetary awards of damages in the judgment, namely, the $7,500 compensatory damages and the total amount found to be due pursuant to the 5% abatement of monthly maintenance charges as directed by the Trial Judge. The rate of interest to be applied is to be determined by the judgment clerk in accordance with CPLR 5004 (see *7 Doyer St. Realty Corp. v Great Cathay Dev. Corp.*, 43 AD2d 476; CPLR 5001, subd [c]).

Absent any reason stated by the Trial Judge for denial of costs of the action (CPLR 8101), plaintiff is entitled to such an award as of right (8 Weinstein-Korn-Miller, NY Civ Prac, par 8101.03).

The judgment, Supreme Court, New York County (EUGENE R. WOLIN, J.), entered April 21, 1983, should be modified, on the law and the facts, with costs to appellant, by granting plaintiff interest on the total amount of the court's award of compensatory damages only, from the date of commencement of the action (June 8, 1979) and interest on the punitive damage award from the date of the trial court's decision, plus costs and disbursements, and otherwise affirmed.

SULLIVAN, J. P., ASCH, BLOOM and MILONAS, JJ., concur.

Judgment, Supreme Court, New York County, entered on April 21, 1983, unanimously modified, on the law and the facts, by granting plaintiff interest on the total amount of the court's award of compensatory damages only, from the date of commencement of the action (June 8, 1979) and interest on the punitive damage award from the date of the trial court's decision, plus costs and disbursements, and otherwise affirmed. Plaintiff-appellant shall recover of defendant-respondent $75 costs and disbursements of this appeal.