**FEEL THE HEAT, INC., t/a Rock City, Plaintiff,**

v.

**CENTURION AGENCY, INC., Defendant.**

**No. 82 Civ. 4161 (MP).**

United States District Court, S.D. New York.

Nov. 26, 1985.

Mallow, Konstam & Hager by Abe H. Konstam, New York City, for plaintiff.

Wilson, Elser, Moskowitz, Edelman & Dicker by William D. Hand, New York City, for defendant.

## MEMORANDUM

MILTON POLLACK, Senior District Judge.

Plaintiff Feel The Heat moves for prejudgment interest, under New York's Civil Practice Law and Rules ("CPLR") § 5001, on a jury verdict of $100,000 rendered on October 29, 1985, after a trial solely on the issue of damages. For the reasons stated below, the motion will be granted.

Plaintiff Feel The Heat opened a discoteque on December 26, 1980, called Rock City, that featured "rock" music. Immediately prior to that time, at the same location, 157 Hudson Street, New York, New York, plaintiff had operated a discoteque, called Feel The Heat, featuring "disco" music. The discoteque was destroyed by vandals on March 1, 1981. On November 17, 1982, plaintiff filed a complaint against defendant Centurion Agency, Inc., an insurance broker, for failure to obtain "business interruption" insurance for the plaintiff's enterprise, allegedly after being instructed to do so. Although the complaint alleged several theories of recovery, including negligence, fraud, and breach of contract, it was clear from the evidence presented at trial that the thrust of the claim was based on a negligence theory.[1]

Plaintiff recovered for the property damage occasioned by the vandalism under a separate property insurance policy. The discoteque, however, never reopened. De-

---

1. The result on this motion would remain unchanged even if this action was construed as a contract, *see Adams v. Lindblad Travel, Inc.*, 730 F.2d 89, 93 (2d Cir.1984), or as a fraud one. *See Mallis v. Bankers Trust Co.*, 717 F.2d 683, 694–95 (2d Cir.1983).

spite this fact, the complaint sought recovery for "business interruption" from March 1, 1981, until a reasonable date thereafter.

A jury trial was held on April 22, 1985, and the jury returned a $232,712.20 verdict in favor of plaintiff and against defendant. This Court ordered a remittitur of all but $50,000 of that amount or, in the alternative, a new trial solely on this issue of damages. Plaintiff did not agree to the remittitur and on October 28, 1985, a new trial on the damages issue was held. The second jury rendered a verdict of $100,000 in plaintiff's favor.

Although the plaintiff did request prejudgment interest from March 1, 1982,[2] in its complaint, it did not request a jury charge on the issue. Plaintiff now brings this motion pursuant to Rules 59(e) and 60, Federal Rules of Civil Procedure, to have this Court apply prejudgment interest to the jury verdict.

### Discussion

■ On the issue of prejudgment interest, federal courts look to the law of the forum state to supply the federal rule of decision. See 1A (Part 2) J. Moore, W. Taggart, A. Vestal & J. Wicker, *Moore's Federal Practice* ¶ 0.310, at 3140 (2d ed. 1985). To determine whether plaintiff is entitled to prejudgment interest, therefore, this Court must look to New York law. *Adams v. Lindblad Travel, Inc.*, 730 F.2d 89, 93 (2d Cir.1984); *Lee v. Joseph E. Seagram & Sons, Inc.*, 592 F.2d 39, 41 & n. 2 (2d Cir.1979).

■ Where the action is at law, New York CPLR § 5001(a) mandates the inclusion of prejudgment interest as a matter of right in property damage cases. Although prior to the effective date of this CPLR provision, New York courts held that prejudgment interest was not recoverable as a matter of right in negligent property damage actions and was therefore waived if not

requested of the trier of fact, *Purcell v. Long Island Daily Press Publishing Co.*, 9 N.Y.2d 255, 173 N.E.2d 865, 213 N.Y.S.2d 425 (1961); *cf. De Long Corp. v. Morrison-Knudsen Co.*, 14 N.Y.2d 346, 200 N.E.2d 557, 251 N.Y.S.2d 657 (1964), CPLR § 5001(a) changed this common law rule. *See Morris v. New York Central Railroad*, 20 A.D.2d 753, 753, 247 N.Y.S.2d 293, 294 (4th Dep't 1964). Based on CPLR § 5001(a), the New York courts now apply prejudgment interest as a matter of right in actions involving negligent property damage as well. *See e.g., Delulio v. 320-57 Corp.*, 99 A.D.2d 253, 254, 472 N.Y.S.2d 379, 381 (1st Dep't 1984); *Quintel Corp. v. Citibank, N.A.*, 606 F.Supp. 898, 913 (S.D. N.Y.1985).

In a case on all fours with this case, *Dalrymple v. Ed Shults Chevrolet, Inc.*, 51 A.D.2d 884, 380 N.Y.S.2d 189 (4th Dep't 1976), *aff'd*, 41 N.Y.2d 957, 363 N.E.2d 587, 394 N.Y.S.2d 881 (1977), the court held that plaintiff was entitled to prejudgment interest in an action against a car salesman for his negligence in failing to obtain collision insurance on plaintiff's car after the salesman had promised to do so. The Court of Appeals affirmed, without opinion, on the basis of the Appellate Division Memorandum.

Plaintiff is, therefore, entitled to prejudgment interest on the jury award.

### Waiver

Although entitled to prejudgment interest if recovery is obtained in a property damage case, the prevailing party must request that entitlement at some point or will lose it. *Lee v. Joseph E. Seagram & Sons, Inc.*, 592 F.2d 39 (2d Cir.1979) (request for prejudgment interest almost two years after judgment is too late).

As noted above, plaintiff did not request a jury instruction on prejudgment interest. Plaintiff's counsel did, however, shortly af-

---

2. Plaintiff requested prejudgment interest from March 1, 1982, and not earlier because "[p]ayments to the Plaintiff under a business interruption policy based on the evidence presented at trial would have been spread over approximate-

ly six (6) months from the date of loss [March 1, 1981]." Plaintiff's Memorandum In Support of Its Post-Trial Motion For Prejudgment Interest, at 6.

ter trial, request that this Court add prejudgment interest to the jury verdict.

Although this Court has located only one New York case on this issue, it appears to be the law in New York that a party's failure to request a jury instruction on prejudgment interest does not waive its claim for prejudgment interest, *see Buffalo Oil Terminal, Inc. v. William B. Kimmins & Sons, Inc.*, 42 Misc.2d 499, 501, 248 N.Y.S.2d 499, 501 (1964), *aff'd without opinion*, 23 A.D.2d 970, 260 N.Y.S.2d 621 (4th Dep't 1965), but merely waives the right to have the jury, rather than the judge, fix the date from which the interest is to be computed. *Mallis v. Bankers Trust Co.*, 717 F.2d 683, 694 (2d Cir.1983); *Julien J. Studley, Inc. v. Gulf Oil Corp.*, 425 F.2d 947, 949 (2d Cir.1969).

The effect of such a rule applied to this case is to grant the plaintiff approximately an additional $30,000 to $40,000 on top of the jury award of $100,000. Had the jury been made aware of this fact, through a properly requested jury instruction, it may well be that they would have declined to award the generous amount of $100,000, and would instead have awarded a smaller amount. In other words, since the issue of prejudgment interest was not mentioned at all to the jury, it surely is possible that the jury took the time value of money into account when awarding the $100,000 to the plaintiff and that plaintiff is now effectively recovering twice for the same prejudgment interest. Plaintiff's hope of double recovery would explain its counsel's behavior of remaining silent concerning prejudgment interest until immediately after the trial.

Analytically framed, this waiver issue concerns which party, plaintiff or defendant, should bear the risk that the jury award already fully compensates the plaintiff for damages incurred (i.e., the award already includes an implicit time value of money determination) when the jury has not been instructed on the prejudgment interest issue. Because in *property damage* cases, the New York legislature appar-

ently has placed that risk on the defendant, plaintiff is entitled to prejudgment interest.

All that remains is to fix the date from which to compute the prejudgment interest. Since plaintiff has requested prejudgment interest from March 1, 1982, *see supra* note 2, this Court fixes the date for computation of prejudgment interest as March 1, 1982.