■ EUGENE A. CARCONE et al., Respondents, v GORDON HEATING & AIR CONDITIONING Co., INC., Defendants, and R.L. KISTLER, INC., Appellant. [623 NYS2d 679] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying the motion of defendant R.L. Kistler, Inc. (Kistler) for summary judgment dismissing plaintiffs' causes of action against it. The negligence cause of action is based upon the breakdown or nonperformance of "the product itself [and, therefore], the injury is properly characterized as 'economic loss' and plaintiff is relegated to contractual remedies" (Hemming v Certainteed Corp., 97 AD2d 976; see, Bocre Leasing Corp. v General Motors Corp., 84 NY2d 685; Schiavone Constr. Co. v Elgood Mayo Corp., 56 NY2d 667, revg 81 AD2d 221 on dissenting opn; Arell's Fine Jewelers v Honeywell, Inc., 170 AD2d 1013; Antel Oldsmobile-Cadillac v Sirus Leasing Co., 101 AD2d 688).

With respect to the breach of implied warranty cause of action, there is no privity between the parties and plaintiffs' action does not arise out of personal injury (see, Arell's Fine Jewelers v Honeywell, Inc., supra, at 1014; UCC 2-318). The allegation that plaintiffs sustained "extreme emotional and mental trauma" does not in this case establish a valid cause of action for personal injury in what is essentially a contract action (see, 36 NY Jur 2d, Damages, § 102). Privity is also an essential element of a cause of action for express warranty (see, Martin v Dierck Equip. Co., 43 NY2d 583, 589-590; Manufacturers & Traders Trust Co. v Stone Conveyor, 91 AD2d 849, 850) and no exception to that general rule is applicable here (cf., UCC 2-318; Randy Knitwear v American Cyanamid Co., 11 NY2d 5). The court's reliance upon Cohen v Bratt & Doxey Supply Co. (51 AD2d 719, lv denied 39 NY2d 706) in upholding plaintiffs' breach of warranty causes of action was misplaced. In Cohen, unlike the case at bar, there was no issue of privity; there the plaintiff's agent contracted directly with defendant.

The court properly denied that part of Kistler's motion for summary judgment on its cross claim for the balance due under its contract with defendant Gordon Heating & Air Conditioning Co., Inc. (Gordon). Gordon's cross claim against Kistler, supplemented by the allegations in Gordon's affidavit (see, 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3212.10), states a cause of action against Kistler for damages Gordon allegedly sustained as a result of the inadequate Desert-Aire units furnished by Kistler. If proven, Gordon's damages would offset the balance due Kistler under the contract. (Appeal from Order of Supreme Court, Herkimer County, Tenney, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Callahan and Boehm, JJ.