■ TRAVELERS INSURANCE COMPANIES, Appellant, v HOWARD E. CONRAD, INC., Doing Business as ANCHOR MARINE, Respondent. (Appeal No. 1.) [649 NYS2d 586] —Appeal from order insofar as it granted summary judgment unanimously dismissed (*see, Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988; *see also,* CPLR 5501 [a] [1]) and order affirmed with costs. Memorandum: Arthur Levine purchased from defendant dealer a new yacht that sank in the Niagara River on Levine's first solo voyage. Plaintiff, Levine's insurance carrier, compensated its insured for his economic loss and then commenced this action against defendant on theories of negligence, breach of warranties and strict products liability.

We reject plaintiff's contention that Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint. The causes of action for negligence and strict products liability were properly dismissed because plaintiff sought recovery only for economic loss. "Where, as here, an action seeks to recover for economic loss and not for personal injury or property damage and where the transaction is deemed to be a sale of goods, a plaintiff may not maintain the traditional tort cause of action" (*McDowell v Atco Rubber Prods.*, 221 AD2d 876, 877, *appeal dismissed* 87 NY2d 966; *see, Bocre Leasing Corp. v General Motors Corp. [Allison Gas Turbine Div.]*, 84 NY2d 685, 688-689; *Carcone v Gordon Heating & Air Conditioning Co.*, 212 AD2d 1017).

With respect to the cause of action for breach of warranties, the pivotal issue is whether the waiver provision in the purchase agreement was "conspicuous" within the meaning of UCC 1-201 (10) (*see,* UCC 2-316 [2]; *Carbo Indus. v Becker Chevrolet,* 112 AD2d 336, 339, *appeal dismissed* 66 NY2d 1035). On the face of the agreement, directly above Levine's signature, the following statement appears in red capital letters: "I, OR WE, HEREBY ACKNOWLEDGE RECEIPT OF A COPY OF THIS ORDER AND THAT I, OR WE HAVE READ THE BACK OF THIS AGREEMENT." The front page of the agreement further provides: "Buyer certifies that he/she has read the Terms and Conditions on the back of this document and agrees that they shall be incorporated as part of this Agreement."

The waiver provision on the back of the agreement appears as follows: "EXCEPT TO THE EXTENT REQUIRED BY STATE LAW, SELLER EXPRESSLY DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE."

The type size of the waiver provision is larger than that contained elsewhere on the back of the agreement, and it stands out in capital letters. In our view, a reasonable person would notice the provision "when its type is juxtaposed against the rest of the agreement" (*Commercial Credit Corp. v CYC Realty,* 102 AD2d 970, 972; *see,* UCC 1-201 [10]). Thus, the provision waiving all warranties, express and implied, is conspicuous and therefore enforceable.

We further conclude that the court did not improvidently exercise its discretion in denying plaintiff's motion to vacate the judgment on the ground of newly discovered evidence. "Pursuant to CPLR 5015 (a) (2), a court has the discretion to set aside its prior order on the ground of newly discovered evidence if it is shown that the new evidence probably would have

changed the earlier determination and that, although the new evidence existed at the time of the order, it was not then available despite due diligence" (*Gorman, Naim & Musa v ABJ Fire Protection*, 195 AD2d 1063, 1064). Here, plaintiff failed to establish that the evidence in question, an affidavit from its insured, could not have been obtained earlier. Moreover, the contents of the affidavit have no bearing on the issue whether the disclaimer of warranties is conspicuous. (Appeal from Order of Supreme Court, Erie County, Joslin, J.—Summary Judgment.) Present—Denman, P. J., Pine, Fallon, Doerr and Balio, JJ.